Mississippi River Logging Co. vs. Wheelihan.

MISSISSIPPI RIVER LOGGING COMPANY, Appellant, vs. WHEELI-
HAN, Respondent.

*September 22 — October 13, 1896.*

*Contracts: Construction: Supplying omitted words: Uncertainty: Cove-
nant in deed for quiet enjoyment.*

1. Words cannot be inserted in a written contract by judicial con-
struction unless they are obviously implied and the instrument
furnishes the means of supplying them with certainty.

2. Where the uncertainty as to the meaning of language employed in
a written instrument grows out of the omission of words which
cannot be constructively supplied, and that affect the whole clause,
evidently designed for a particular purpose, which is rendered un-
certain by such omission, the whole clause must be suppressed.

3. A covenant by the grantors, in a conveyance of land, "that the
above-bargained premises in the quiet and peaceable possession of
the said [grantee], his heirs and assigns, against all and every per-
son or persons lawfully claiming. the whole or any part thereof
by, through, or under —— and no other —— will forever warrant
and defend," is *held* to be uncertain beyond the power of the
court to remedy by judicial construction, either by the rejection
of the latter portion thereof as surplusage, thus rendering the
covenant general, or by inserting the words "them" and "they"
in the blanks respectively, giving effect to the clause as a limited
covenant. PINNEY, J., and CASSODAY, C. J., dissent, being of the
opinion that the latter construction should prevail.

APPEAL from an order of the circuit court for Juneau
county: O. B. WYMAN, Circuit Judge. *Affirmed.*

Action to recover damages for breach of an alleged cove-
nant for quiet enjoyment. The complaint states, by appro-
priate allegations, the making of a conveyance, by deed, of
certain real estate to one E. M. Miles on the 4th day of
February, 1889, for the consideration of $2,000; that such
conveyance contained a covenant in the following words:
"That the said *W. P. Wheelihan* and wife, Margaret, for
their heirs, executors, and administrators, do covenant,
grant, bargain, and agree to and with the said party of the
second part, his heirs and assigns, that the above-bargained

premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all and every person or persons lawfully claiming the whole or any part thereof, by, through, or under —— and no other —— will forever warrant and defend;" that on the 6th day of February, 1889, the said E. M. Miles and Geraldine, his wife, in consideration of $4,700, by a warranty deed with full covenants, conveyed said lands to the plaintiff. Then follow appropriate allegations showing an eviction of the plaintiff from the premises before the commencement of this action. The defendant interposed a general demurrer to the complaint, which demurrer was sustained, and the plaintiff appealed.

For the appellant the cause was submitted on the brief of *Jenkins & Jenkins.*

*Geo. L. Williams,* for the respondent.

MARSHALL, J. It is conceded that the language of the covenant of warranty, as contained in the deed, taking the clause as a whole without supplying any words by presumption, is meaningless. The respondent covenanted that the grantee in the deed, " his heirs and assigns, in the quiet and peaceable possession of the demised premises against every person claiming any part thereof, *by, through, or under* —— *and no other* —— *will forever warrant and defend.*" The learned counsel for the appellant contends that the court should, in effect, add to this clause the word " them " after the word " under," and " they " after the word " other," and thereby give meaning thereto. Counsel for the respondent contends that all that part of the covenant after the word " thereof" should be suppressed as surplusage, leaving what would thereby remain a plain, general covenant for quiet enjoyment. The learned circuit judge adopted the former theory, which in effect held that the clause constitutes a limited covenant against the acts of the grantors.

The question presented is one of judicial construction, requiring the application of some well-established rules, all coming down, however, to this: That the intention of the parties to a contract must govern, such intention to be determined from the words they see fit to use; that, in cases of uncertainty arising from such words, resort may be had to the situation of the parties and the circumstances of the making of the contract; provided, however, that the court cannot give effect to the intention, however manifest, which plainly violates the rules of language or of law. 2 Parsons, Cont. 494; *Braun v. Wis. Rendering Co.* 92 Wis. 248.

The foregoing rule does not allow the addition of words to a contract unless obviously implied. Where the language is plain and unambiguous, the apparent import of the words must govern. Story, Cont. § 780. But if the words are uncertain, such meaning, within the limitations stated, should be adopted as will best effectuate the intention. "But words should not be constructively put into the contract that are not there." *Parkhurst v. Smith,* Willes, 327; Chitty, Cont. (11th Am. ed.), 106. Prof. Parsons sums up the rules thus: 'They do not require that the court shall always construe a contract to mean what the parties meant, but that it should give to the contract such construction as will bring it as near to the actual meaning of parties as the words they see fit to employ, when properly construed, and the rules of law, will permit.' 2 Parsons, Cont. 494. On the particular point here presented he says, "if a blank be left in an instrument, or a word or phrase of importance omitted by mistake, the omission may be supplied, if the instrument contains the means of supplying it with certainty, otherwise not." Id. 563.

It is obvious that some word or words were by mistake omitted from the instrument sued on, which renders the meaning of the covenant uncertain, but we cannot say that such instrument furnishes the means of supplying them with certainty. Therefore it is not within the office of judicial

Mississippi River Logging Co. vs. Wheelihan.

construction to remedy the omission, and thereby save the parties from the consequences of the mistake. The remedy, if any exists, is by a direct proceeding to correct the mistake. *Braun v. Wis. Rendering Co.* 92 Wis. 245; 2 Parsons, Cont. 496.

Notwithstanding what has preceded, we are unable to hold with counsel for appellant that the warranty clause should be split up by rejecting that part only in which the omitted words occur. While the rule is that every part of a contract should be given force and effect if possible, and, if the meaning of the language of a part only is necessarily uncertain, such uncertain part must be suppressed, and effect given to the balance (2 Parsons, Cont. 505; *Riggin v. Love*, 72 Ill. 553), if thereby the intention of the parties can be effectuated, yet if the uncertainty grows out of the omission of words which cannot be constructively supplied and that affect the whole clause, evidently designed for a particular purpose which is rendered uncertain by such omission, then the whole clause must be suppressed.

Applying the foregoing to this case, we must hold the whole clause upon which plaintiff bases his cause of action uncertain beyond the power of the court to remedy by judicial construction, and that the demurrer was properly sustained.

*By the Court.*— The order of the circuit court is affirmed.

PINNEY, J. I concur in the judgment given in this case, but not in the reasons assigned for it. The plaintiff counts on a general covenant for recovery, but it is evident from the covenant set out that it is not, and was not intended to be, a general covenant. The part which the plaintiff would have us reject, in order to make the covenant general, namely, the words "by, through, or under —— and no other —— will forever warrant and defend," is conclusive

Mississippi River Logging Co. vs. Wheelihan.

that a limited covenant was intended. Equally inadmissible, as it seems to me, is the conclusion that the entire covenant must be rejected as void. The condition in which the covenant is found is evidently the result of a clerical error or inattention in filling out the blank form for the deed, by which the words "them" and "they" were omitted; and it is evident that a limited covenant of warranty, such as has been in general use for a great number of years, was intended. Looking at the deed, and taking into consideration, as matter of common knowledge, the universal form of such a covenant, and the intent apparent from the face of the deed to give a limited, and not a general, covenant, it becomes quite plain that these words are fairly to be implied. The context clearly points to this result. It cannot be doubted, I think, that the word "they" is clearly implied, as to the second blank, for the persons who intended to covenant were the grantors in the deed. Is it not equally clear that the same result follows as to the first blank, and that in the connection in which it occurs the word "them" is also to be implied? The grantors did not intend a general covenant. Against what did they intend to direct a limited covenant of quiet enjoyment only? Manifestly, against the acts of some person or persons who might attempt to put in force a claim to the premises under or through the grantors, direct or remote. If both were intended, a general covenant would have been used. In the use of the words "and no other," the word "person" is doubtless implied. As thus read, does it refer to those claiming or to claim by, through, or under the grantors, direct or remote, of the grantee? I think the context, and condition in which the covenant is found, show that the phrase refers only to those claiming or to claim by, through, or under those making the covenant. In view of the common use of the limited covenant, invariably couched in precise and definite form, it may well be doubted if it is

or has been in use for any other purpose than to limit the warranty to persons claiming or to claim by, through, or under the grantors in the deed in which it occurs.

It is conceded in substance that the addition of words to a contract is permissible, if obviously implied, and there can be no doubt but that where the language is plain and unambiguous the apparent import of the words must govern; but in this case there is an uncertainty, and such construction should be adopted as will best effectuate the intention of the parties. This intention must be an expressed intention. *Rickman v. Carstairs*, 5 Barn. & Adol. 663. The question is, What is the meaning of the language the parties have used? not, What did they mean to say? *Abbott v. Middleton*, 7 H. L. Cas. 114; *Smith v. Lucas*, 18 Ch. Div. 542. But it is not necessary that such intention be stated *in totidem verbis.* It is sufficiently expressed, if within the rules of legal interpretation the court can say it is to be implied with reasonable certainty from the language of the entire instrument, otherwise not. And this is, I think, the true sense of the case of *Parkhurst v. Smith*, Willes, 332. It is a well-established rule that "omitted words may be supplied, repugnant words may be rejected, and words may be transposed, . . . if the intention of the parties sufficiently appears from the context." Elphinstone, Interp. Deeds, 78. Accordingly the word "pounds," omitted in an obligation or bond, has been implied, Lord TENTERDEN saying: "No species of money is mentioned. It must be intended that he became bound for some species of money. The question is, whether from the other parts of the instrument we can collect what was the species of money which the party intended to bind himself to pay." *Coles v. Hulme*, 8 Barn. & C. 568; *State v. Schwartz*, 64 Wis. 434. In *Flight v. Lord Lake*, 2 Bing. N. C. 72, TINDAL, C. J., said, "The only question is whether any person applying an ordinary understanding" to the instrument "could misapprehend

Mississippi River Logging Co. vs. Wheelihan.

what was intended." *Mill v. Hill*, 3 H. L. Cas. 847. In *Wight v. Dicksons*, 1 Dow, 147, where a material word appeared to have been left out of a lease by mistake, Lord Eldon said, in reply to the argument "that it was too strong to insert a word," that "the answer was that other words in the lease could not have their proper effect without it." He construed the lease as if it had been inserted. The true rule applicable to the case, I apprehend, is stated in 1 Addison, Cont. (7th ed.), 166, that "if the ambiguity arises simply from an imperfect expression of the meaning of the party, and can be resolved by reference to the general context of the instrument, when brought into contact with surrounding circumstances, the court will aid the imperfect expression in favor of the manifest intention, and will draw all such plain and reasonable inferences from the language and general context of the deed as appear to be necessary to give effect to the obvious meaning and carry into execution any matter or act clearly contemplated and intended to be done." And in like case and manner, as to the omission of an important word by mistake, "the courts, in furtherance of the obvious intent, will read and construe the deed as if the word had been inserted," but the court, on such grounds, cannot add a new and distinct undertaking. *Maryland v. Railroad Co.* 22 Wall. 112; *Chicago, R. I. & P. R. Co. v. D. & R. G. R. Co.* 143 U. S. 596.

I think the covenant should be read as if the words omitted, "them" and "they," had been inserted where the blanks exist, and that under the covenant as thus construed the allegations of the complaint fail to show that there has been any breach of it. I cannot agree that the entire covenant or paragraph is to be rejected as void.

Cassoday, C. J. I concur in the opinion of Mr. Justice Pinney.