B. I. DAHLBERG AND STEVE PAUL V. NANA AND HARRIET HOLDEN.

No. A-2711. Decided February 21, 1951.
Rehearing overruled April 4, 1951.
Second Rehearing overruled May 2, 1951.
(238 S. W., 2d Series, 699.)

*Vinson, Elkins & Weems, Tarlton Morrow* and *Rush H. Record,* all of Houston, for B. I. Dahlberg, *McCampbell, Wood & Kirkham, Neel, King & Rachal, Robert B. Wallace* and *Ralph H. Wood,* all of Corpus Christi, *Black & Stayton* and *Charles L. Black,* all of Austin, for Steve Paul, petitioners.

It was error for the Court of Civil Appeals to hold that the

conveyance from Annie W. Holden to her three daughters was void for insufficient description of the interest conveyed in the land. Also in holding that Harriet and Nana Holden are entitled to recover the full title and possession of the property in controversy. Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222; Gibbs v. Barkley, 242 S.W. 462; Bouldin v. Miller, 87 Texas 359, 367; Rio Bravo Oil Co. v. Weed, 121 Texas 427, 50 S.W. 2d 1080.

*Ward & Brown, Allen Wood and Howell Ward,* all of Corpus Christi, *Gordon Simpson,* of Dallas, for respondents.

In response to the proposition of the petitioners, cited: Mississippi River Logging Co. v. Wheelihan, 94 Wisc. 96, 68 N.W. 878; W. T. Carter & Bro. v. Ewers, 131 S.W. 2d 86; Curdy v. Stafford, 88 Texas 120, 30 S.W. 551; Witt v. Harlan, 66 Texas 660, 2 S.W. 41.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action in trespass to try title brought by respondents Nana Holden and Harriet Holden against petitioners B. I. Dahlberg and Steve Paul for the title and possession of a tract of land in Aransas County. The agreed common source of title is Harriet G. Fulton. To establish their title the plaintiffs (respondents) introduced a deed dated July 16, 1906, from Harriet G. Fulton to her three daughters, Harriet S. Holden, Lee C. Fulton, and Annie W. Holden, conveying the land in controversy and other lands. Plaintiffs then offered evidence establishing that Annie W. Holden died intestate on July 24, 1935, leaving as her only heirs three daughters, namely, the plaintiffs (respondents), Nana Holden and Harriet Holden and Mrs. Linda Mae Beaman. They also offered in evidence a deed from Mrs. Beaman dated March 30, 1936, conveying to them her interest in the property.

The defendants (petitioners) then offered in evidence a deed dated November 5, 1928, from Annie W. Holden to her three daughters, Nana Holden, Harriet Holden, and Linda Mae Beaman, and a deed of trust dated March 6, 1930, executed by Nana Holden and Harriet Holden to J. S. McCampbell, Trustee, for Manufacturers Acceptance Corporation. They then made proof that Dahlberg appointed W. H. Young substitute trustee, and that Young sold the land on March 6, 1936, to Dahlberg, who in turn sold to Steve Paul by deed dated October 31, 1936, in which deed he reserved a mineral interest.

The principal questions for decision by this court are: (1) The validity of the description as contained in the deed dated November 5, 1928, from Annie W. Holden to her three daughters, Nana Holden, Harriet Holden, and Linda Mae Beaman in so far as it relates to the property in suit. (2) The extent of recovery, if any, to which respondents are entitled, that is, whether they are entitled to the whole of the tract of land or only to an undivided one-third interest therein.

The trial court held that the challenged deed was valid; that the 1936 deed from Linda Mae Beaman and husband to Nana and Harriet Holden related back to March 7, 1930, the date of a previously executed but defectively acknowledged deed from the Beamans to Nana and Harriet Holden, so that the interest conveyed thereby was included in the deed of trust, with the result that the entire one-third interest in the property was encumbered by the deed of trust lien. That court further held, however, that the trustee's sale under the deed of trust was void for irregularities, and that Paul was an innocent purchaser from Dahlberg. Judgment was accordingly rendered that respondents recover full title as against Dahlberg, who had reserved a mineral interest in his deed to Paul, but that they take nothing as against the innocent purchaser Paul. The Court of Civil Appeals held that the 1928 deed to respondents and their sister, Mrs. Beaman, executed by their mother, Annie W. Holden, was void in so far as it relates to the land in suit because of its failure to describe the interests which grantor intended to convey. By its original opinion that court rendered judgment in favor of respondents for an undivided one-third interest in the land, but on rehearing enlarged its judgment to include the full title to the entire tract. 228 S. W. 2d 889. The case is before us on applications for writs of error by both Dahlberg and Paul.

The description in the granting clause of the challenged deed executed by Annie W. Holden to her daughters, the respondents and Mrs. Beaman, is in this language:

"* * * an undivided interest in all of all those certain tracts, pieces or parcels of land owned by me or to which I have any claim, demand or interest, situated in the Counties of Aransas and Webb, in the State of Texas, * * *."

Following the habendum and general warranty there was inserted in the deed a descriptive paragraph reading as follows:

"Being an undivided interest in one-third of the same premises

conveyed by Harriet G. Fulton to Hattie S. Holden, Lee C. Fulton and Annie W. Fulton by deed dated July 16th, 1906 recorded in Volume Y, page 545 of the Deed Records of San Patricio County, Texas, together with any property that may be in my name or come to me by inheritance from the said Harriet G. Fulton, above referred to, and from Elbridge Gerry Holden, my husband, now deceased, in the Counties of Aransas and Webb, State of Texas."

■ The Court of Civil Appeals concluded that that deed conveyed no interest in the land in suit, and we have been unable to discover any reasonable ground on which to differ from that conclusion. If, to our minds, the language of the deed is reasonably susceptible of a construction which would identify any definite interest in the land in suit, we should give it that construction, for it is a rule universally recognized that if an instrument admits of two constructions, one of which would make it valid and the other invalid, the former must prevail. Curdy v. Stafford, 88 Texas 120, 30 S. W. 551. But, as well expressed in 13 C. J., Contracts, Sec. 496, p. 535, "While the courts should avoid, if possible, holding a contract void on the ground of uncertainty, they have no right to interpolate or to eliminate terms of material legal consequence in order to uphold it."

■ Turning to an examination of the language of this deed it is the plain meaning of the language in the granting clause that an undefined interest less than that owned by the grantor is intended to be conveyed. If we were at liberty to substitute "my" for "an" so as to make the granting clause read: "my undivided interest" instead of "an undivided interest," or to lift the phrase "owned by me" from its position in the sentence and insert it after the phrase "an undivided interest," the description could be upheld, but we have no authority under the law to do so. We must construe this language as it is written and we have no right to alter it by interpolation or substitution. The granting clause, standing alone, conveyed no interest in the property in controversy. Carter v. Ewers, 133 Texas 616, 131 S. W. 2d 86, 123 A.L.R. 908, is direct authority for the conclusion just announced. The opinion in that case is a clear pronouncement of the law on this question and sets the matter at rest in this court.

3 We next consider whether the descriptive paragraph in the deed supplies the defect in the granting clause. For convenience, we copy that paragraph again. It reads as follows:

"Being an undivided interest in one-third of the same prem-

ises conveyed by Harriet G. Fulton to Hattie S. Holden, Lee C. Fulton and Annie W. Fulton by deed dated July 16th, 1906 recorded in Volume Y, page 545 of the Deed Records of San Patricio County, Texas, together with any property that may be in my name or come to me by inheritance from the said Harriet G. Fulton, above referred to, and from Elbridge Gerry Holden, my husband, now deceased, in the Counties of Aransas and Webb, State of Texas."

The paragraph begins as does the granting clause with the language "an undivided interest in." To our minds the most reasonable construction to be given to the paragraph is that the phrase "an undivided interest in" applies to all the property mentioned in the last part of the paragraph, but be that as it may, that phrase clearly and specifically refers to the land in suit. The granting clause purports to convey "an undivided interest in all of all those certain tracts, pieces or parcels of land owned by me" in named counties. The descriptive paragraph specifically refers to the deed under which grantor acquired a one-third interest in the land in suit and reiterates that what was being conveyed was an undefined undivided interest in a one-third interest. The language in the first part of the descriptive paragraph does not cure the defect in the description in the granting clause, but, to the contrary, emphasizes the defect.

It is argued that by the use of the general clause "together with any property that may be in my name" the grantor intended to enlarge upon the specific description preceding it. We cannot accept that interpretation. To do so would lead to the untenable conclusion that the grantor specifically conveyed in the granting clause an indefinite but lesser interest than that which she owned in the land, that in the first part of the descriptive paragraph she reiterated and emphasized the fact that she was conveying an indefinite but lesser interest than that which she owned, and then by the addition of the quoted clause enlarged the grant to all that she owned. Stated differently, it would have the grantor saying, "I grant you a part of what I own, and I reiterate that I grant you a part of my interest in certain specific tracts, yet I grant you all of my interest in those tracts."

From a construction of the deed as a whole, in full recognition of our duty to uphold it if its language is reasonably susceptible of a construction which would enable us to do so, we have concluded that the Court of Civil Appeals correctly held

that the description was insufficient in law to convey any interest in the land in suit. Carter v. Ewers, 133 Texas 616, 131 S. W. 2d 86, 123 A.L.R. 908; Witt v. Harlan, 66 Texas 660 2 S. W. 41; Mississippi River Logging Co. v. Wheelihan, 94 Wisc. 96, 68 N. W. 878.

■ We come now to consider the judgment of the Court of Civil Appeals that respondents recover the entire title rather than title to an undivided one-third interest in the property. The argument is pressed here that since respondents proved title in themselves, at most, to only an undivided one-third interest in the land and failed to prove that petitioners were trespassers, they were not entitled to recover the entire title. The general rule is that a plaintiff by showing that he owns a definite undivided interest in a tract of land, and that the defendant is a trespasser, may recover the entire interest. Davidson v. Wallingford, 88 Texas 619, 32 S. W. 1030; Steddum v. Kirby Lumber Co., 110 Texas 513, 221 S. W. 920; Humble Oil and Refining Co. v. Blankenburg, 149 Texas 498, 235 S.W. 2d 891. The problem here is to decide whether respondents met the above test.

■ In their petition in the trial court they alleged their ownership in fee simple of the premises in suit and prayed for title and possession thereof. In support of their allegations they made proof that in 1906 their grandmother conveyed the land to their mother and her two sisters, and that they owned the interest of their mother. The deed to their mother and her two sisters did not specify the interest conveyed to each of them, respectively, and accordingly, as a matter of law, each received an undivided one-third interest. They thus established that they were the owners of a one-third undivided interest in the land and that their two aunts each owned an undivided one-third interest therein. The ownership having been thus established, it will be presumed that such ownership continued, unless the contrary be shown. Hill and Jahns v. Lofton, 165 S. W. 67 (Writ Refused); Sanders v. Farrier, 271 S. W. 293 (Writ Dismissed); McCormick and Ray, Sec. 41, p. 64; 20 Am. Jur., Evidence, Sec. 207, p. 205. When a plaintiff in trespass to try title offers instruments connecting his title with the common source, the burden is not upon him to go further and make proof that he has not parted with that title. The presumption of continued ownership obtains. Similarly, when a cotenant seeking to recover the entire tract of land proves title in himself and his cotenants, the burden is not upon him to go further and make proof that his cotenants have not parted with their title. The presumption likewise relieves him of the necessity of making that proof.

A leading case on this question is Davidson v. Wallingford, supra. In that case the plaintiff was denied the right to recover the entire title because he failed to show title in his original cotenants and also showed prima facie that at the trial the defendants had acquired title to the interest of his cotenants by the statute of limitation of five years. The opinion in that case makes this observation, which is peculiarly applicable here: "Ordinarily, when one tenant in common brings a suit to recover land, in proving his own title, he proves that of his cotenants, and thereby shows that the defendant is not entitled to the possession." In this case the respondents offered proof of the entire title in themselves and their cotenants, and thereupon rested their case. Had the petitioners offered no evidence it seems clear that judgment should have run in favor of respondents for title and possession of the entire tract. But the case did not end there. The petitioners offered evidence, not to defeat the title of respondents' cotenants, but only to defeat respondents' title to the one-third interest. Admittedly, the petitioners had the burden of going forward with the evidence to disprove respondents' title to the one-third interest, and we perceive no reason why they did not also have the burden of going forward with the evidence to disprove the title of respondents' cotenants. Petitioners would have us hold that the respondents by some method of procedure or another should have established the negative fact that they, the petitioners, had acquired no interest in the property from respondents' cotenants. In our view, to make such holding would be a denial of the validity of the presumption that when ownership is established by the evidence, it will be presumed to continue until the contrary is shown. Our conclusion is that the Court of Civil Appeals correctly decreed that respondents recover the entire title to the land.

The opinion of the Court of Civil Appeals discusses the question of after-acquired title arising out of the inheritance by the Holdens and a conveyance of the Beaman interest in 1936, and holds that the doctrine cannot apply because the deed of trust is a quitclaim. Petitioners here expressly disclaim any after-acquired title theory arising out of the 1928 deed if held void. Therefore that question is not here for review.

Finding no ereror in the judgment of the Court of Civil Appeals, it is ordered that same be affirmed.

Opinion delivered February 21. 1951.

ON REHEARING.

CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

■ We have concluded that our original judgment should be modified in one particular. The point which we sustain was not stressed on original submission, and we did not give it that careful consideration which we have given it on motion for rehearing. It is now our conclusion that the Court of Civil Appeals, instead of rendering judgment in favor of the Holdens for the title and possession of the entire tract, should have rendered judgment that they recover an undivided one-third interest in the entire tract, and that as to the remaining two-thirds interest the cause be remanded to the trial court for another trial. The issues are clearly severable. The question is not one of reversing and remanding an errorless judgment. Both the Court of Civil Appeals and this court have decided that there was error in the judgment of the trial court. Having reversed the trial court's judgment, the question of whether to render or remand is one regarding which appellate courts are given broad discretion. T. R. C. P. Nos. 434 and 505.

■ From a consideration of the record as a whole, we are not satisfied that the case has been fully developed with respect to the title of the two-thirds interest. If, in fact, petitioners have a claim of title to any part of that interest which is independent of the void deed but failed to develop their claim upon the trial, then, in our opinion, justice demands that they be afforded an opportunity to do so. Langford v. Smith, 128 Texas 373, 99 S. W. 2d 593; Williams v. Safety Casualty Co., 129 Texas 184, 102 S. W. 2d 178; Turner v. The Texas Company, 138 Texas 380, 159 S. W. 2d 112; Hall v. O. C. Whitaker Co., 143 Texas 397, 185 S. W. 2d 720.

It is therefore ordered that the judgment heretofore rendered in this cause be modified as follows:

The judgment of the Court of Civil Appeals in so far as it awarded title to respondents to an undivided one-third interest in the land in suit is affirmed; in so far as it rendered judgment for respondents for the remaining interest in the land, the judgment is reversed, and the cause is remanded to the trial court for a new trial not inconsistent with our opinion upon that phase of the case only.

Except as indicated above, the motions for rehearing of both parties are overruled.

Opinion delivered April 4, 1951.

Second motion for rehearing overruled May 2, 1951.