**LUTHER TRANSFER & STORAGE COMPANY, Appellant,**

v.

**Patrick H. HARRELL, Appellee.**

No. 15514.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 18, 1969.

Butler, Binion, Rice, Cook & Knapp, Frank J. Knapp, William A. Harrison, Houston, for appellant.

Donald G. Ritter, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment overruling a plea of privilege. Appellee has confessed error, but argues that the cause should be remanded since the case was not fully developed in the trial court.

The judgment is reversed and the cause is remanded with instructions that the cause be transferred to the District Court of Lubbock County, Texas.

Appellee relied on Subdivision 4 of Art. 1995, Vernon's Ann.Civ.St., to sustain venue in Harris County, Texas. At the trial he offered into evidence over appellant's objection a petition, previously filed in the 80th District Court of Harris County, Texas, in which appellee was named defendant, alleging a cause of action growing out of the same transaction. The plaintiff in the 80th District Court was an employee of Luther Transfer & Storage Company, which company was not joined as a party.

Appellant clearly pointed out in the trial court that the petition offered was hearsay as to it, and would not be evidence of residence, and that in any event there was no evidence to establish a cause of action against the alleged resident defendant. Appellee offered no evidence other than the petition.

The trial court erred in denying the plea of privilege. It is ordinarily the duty of the appellate court to render the judgment which the trial court should have entered. However this Court is authorized in a proper case to remand in

the interest of justice. Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951); Scott v. Liebman, 404 S.W.2d 288 (Tex.1966).

The deficiency in proof was clearly pointed out to appellee in the trial court at a time when additional testimony could have been offered. Appellee was given an opportunity to brief the question before the trial court ruled, and did submit a brief to the trial court. We do not consider this to be a proper case in which to exercise the discretion vested in us to remand in the interest of justice even though the facts have not been fully developed.

The case is remanded to the trial court with instructions to sustain appellant's plea of privilege, to sever the cause of action insofar as it affects appellant, and to transfer the severed cause to the District Court of Lubbock County, Texas.

Reversed and remanded with instructions.