Lonnie Smith RAY, et al., Appellants,

v.

Dorothy Butler TRUITT, et al., Appellees.

No. 08–87–00257–CV.

Court of Appeals of Texas, El Paso.

March 16, 1988.

Appellant's Motion for Rehearing Granted in Part and Overruled in Part April 27, 1988.

Appellee Casselman's Motion for Rehearing Granted April 27, 1988.

Appellee Republicbank's Motion for Rehearing Denied April 27, 1988.

Harris E. Kerr, Richard E. Booth and William B. Browder, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellants.

Robert R. Truitt, Jr., Tom Scott, Bullock, Scott & Neisig, Martin S. Wozniak, Boyd, Sanders, Wade, Cropper & Prothro, P.C., Midland, Frank R. Douglass, Scott, Douglass & Luton, Austin, Dean Rucker, Rucker & Rucker, and Michael T. Morgan, Morgan & Ward, Midland, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This lawsuit involves the construction of a deed in which a royalty reservation was made and the effect on the subsequent conveyances out of that original deed. The trial court granted a partial summary judgment as to the meaning of the original conveyance and after trial on the merits granted judgment as to the remaining conveyances. We affirm the judgment of the trial court in regard to the partial summary judgment but reverse and render the judgment of the trial court as it pertains to the remaining conveyances.

On April 8, 1939, Minta White, joined by her husband, executed a warranty deed to M.F. King conveying certain land in Midland County, Texas. The granting clause in the deed provided:

> That we, Minta White ... have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY ... all that certain tracts and parcels of land ...:

The reservation clause in the deed provided:

> Out of the grant hereby made, there is, ... excepted and reserved to ... Minta White, ... an undivided ½ interest in and to all of the royalty that may be payable under any and all mineral leases that may be made on the ... lands, and by royalty is *menat* [sic] one-eighth of the production of minerals from said ... lands.

After the above conveyance, within a two month period, Minta White executed eight conveyances which made no reference to the original 1939 Minta White to M.F. King conveyance and also did not contain the language "and by royalty is *menat* [sic] one-eighth of the production of minerals from said ... lands" as contained in the White to King conveyance. Each of the subsequent deeds out of Minta White did contain language conveying a fraction "of royalty" or "of the royalty."

The trial court, in granting a partial summary judgment, held that in the original 1939 Minta White to M.F. King deed, Minta

White reserved a fixed one-half (½) of one-eighth (⅛) royalty interest.

The trial court, after a hearing on the merits in regard to the eight subsequent conveyances out of Minta White, held that the effect of the use of the terms "of the royalty" and "of royalty" was to refer back to the reservation in the White to King deed, "to the end that the two terms *menat* [sic] one-eighth of the production."

Some of the Appellees take under the King royalty deeds while Appellants and the remaining Appellees take under the White royalty deeds.

The Appellants and the remaining Appellees contend that White kept one-half (½) of the royalty, whatever the royalty may be under the terms of any oil and gas lease covering the lands.

Did the trial court err in holding as a matter of law that the 1939 deed from White to King was unambiguous and reserved to White one-sixteenth (1/16) of production rather than one-half (½) of the royalty?

Every clause in an instrument will be given some effect and no part will be stricken from the deed unless there is an irreconcilable or irreversible conflict. *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617 (1954); *Benge v. Scharbauer*, 152 Tex. 447, 259 S.W.2d 166, 167 (1953). If there is no ambiguity in a deed, the instrument will be enforced as written, even though it does not express the original intent of the parties. *Davis v. Andrews*, 361 S.W.2d 419 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r. e.); *Sun Oil Company (Delaware) v. Madeley*, 626 S.W.2d 726 (Tex.1981). "When contracting parties set forth their own definitions of the term they employ, the courts are not at liberty to disregard such definitions and substitute other word meanings therefor." *Williams v. J. & C. Royalty Co.*, 254 S.W.2d 178 (Tex.Civ.App.—San Antonio 1952, writ ref'd).

■ We agree therefore that the trial court did not err in determining that in 1939 Minta White in her conveyance to M.F. King unambiguously reserved a one-half (½) of a fixed one-eighth (⅛) royalty or one-sixteenth (1/16) of production.

Did the trial court err in holding that the reservation in the 1939 deed from Minta White to M.F. King was also applied to the subsequent conveyances from Minta White?

The trial court found that the chain of conveyances from Minta White subsequent to the 1939 deed to M.F. King used the terms "of royalty" and "of the royalty" and therefore constituted a reference back to the White to King deed of 1939 and had the same meaning given the royalty in that 1939 deed (⅛ of gross production).

■ We disagree with this finding by the trial court. None of the eight subsequent conveyances refer back to the 1939 White to King deed. They are clear, certain and complete on their face. They should be interpreted as written. *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699 (1951). Looking at the four corners of the instruments we see no ambiguity and no basis for reference back to the 1939 White to King deed. *Peveto v. Starkey*, 645 S.W.2d 770 (Tex.1982).

The trial court erred in holding that the eight later conveyances originating out of Minta White referred back to the 1939 White to King deed thereby granting an undivided one-sixteenth (1/16) interest in a one-eighth (⅛) royalty payable under subsequent oil and gas leases. The judgment is reversed and rendered that eight subsequent conveyances by Minta White after the 1939 deed to M.F. King gave the grantees of Minta White an aggregate one-half (½) of the royalty according to the instruments they held under, and are not limited as held by the trial court, to fractions of one-eighth (⅛) of production.