NUMBER
13-02-529-CV

                             COURT OF APPEALS

                   THIRTEENTH DISTRICT OF TEXAS

                      CORPUS CHRISTI - EDINBURG

 

                              IN RE: C & H NEWS COMPANY 

 

 

                             On Petition for Writ of Mandamus

 

 

                                         O P I N
I O N

       Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                                                  Opinion
by Chief Justice Valdez

 








Relator, Nueces News Agency, Inc., d/b/a
ETD KroMar, Southern Division (designated in the court below as C & H News
Co.), has filed a petition for writ of mandamus, asking that this Court compel
respondent, the Honorable Rolando Olvera, Judge of the 357th District Court of
Cameron County, Texas, to: (1) vacate an order denying relator=s motion to compel arbitration; and (2)
enter an order compelling arbitration. 
We deny relator=s request for issuance of mandamus.

The real parties in interest, Odilia
Gallegos, individually and on behalf of the Estate of Jesus Gallegos, Sr., Eva
G. Guajardo, Guadalupe Gallegos, Elizabeth De La Paz, and Jesus Gallegos, Jr.,
filed suit against relator, in respondent=s court, seeking damages.  Real parties in interest allege that the
death of Jesus Gallegos, Sr., one of relator=s
former employees, was proximately caused by the negligence of relator and/or
its agents.  Soon after said litigation
commenced, relators moved the trial court to compel arbitration based on an
arbitration agreement signed by Jesus Gallegos, Sr., and relator.  The respondent denied relator=s motion to compel, and relator filed a
petition for writ of mandamus with this Court. 
We denied mandamus relief, holding that relator failed to provide a
complete record upon which we could grant mandamus relief.  In re C&H News Co., No.
13-02-149-CV, 2002 Tex. App. LEXIS 4660, at *6-*7 (Corpus Christi June 27,
2002, orig. proceeding).

Relator then filed a second motion to
compel arbitration with the trial court. 
In support of its second motion to compel arbitration, relator offered into
evidence the arbitration agreement and the entire employee handbook, some of
the terms of which were incorporated by reference into the arbitration
agreement.  We now have the arbitration
agreement and the entire handbook in the record before us, and we are able to
address the merits of relator=s petition for writ of mandamus. 








Mandamus is the appropriate remedy when a
trial court improperly denies a motion to compel arbitration pursuant to the
Federal Arbitration Act.[1]  9 U.S.C. '' 1-16 (2000); In re L & L Kempwood Assocs., L.L.P., 9 S.W.3d 125,
128 (Tex. 1999) (per curiam); J.M. Davidson, Inc. v. Webster, 49 S.W.3d
507, 510 (Tex. App.BCorpus Christi 2001, pet. granted).  A party seeking to compel arbitration must
establish the existence of an arbitration agreement and show that the claims
raised fall within the scope of that agreement. 
In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (per
curiam); Davidson, 49 S.W.3d at 511. 
When one party denies being bound by an arbitration agreement, the trial
court must summarily determine whether an agreement to arbitrate exists between
the parties.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.021 (Vernon Supp. 2003); Davidson,
49 S.W.3d at 511; ANCO Ins. Servs. of Houston, Inc. v. Romero, 27 S.W.3d 1,
5 (Tex. App.BSan Antonio 2000, pet. denied).  Once a party establishes a claim within the
scope of the arbitration agreement, the trial court must compel arbitration and
stay its own proceedings, unless the party opposing arbitration meets its
burden of presenting evidence that prevents enforcement.  Oakwood, 987 S.W.2d at 573; Cantella & Co.,
Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996) (per curiam).








We review a trial court's determination
concerning the existence of an arbitration agreement under an abuse of
discretion standard.  Davidson, 49
S.W.3d at 511; ANCO
Ins. Servs., 27 S.W.3d at 5. 
Under this standard, we must uphold the trial court's decision unless we
conclude that the trial court could reasonably have reached only one
decision.  Davidson, 49 S.W.3d at
511; Hardin
Constr. Group, Inc. v. Strictly Painting, Inc., 945 S.W.2d 308, 312
(Tex. App.BSan Antonio 1997, orig. proceeding [mand.
denied]).  Legal conclusions, however,
are reviewed de novo. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  Whether an agreement imposes a duty on the
parties to arbitrate a dispute is a matter of contract interpretation and a
question of law for the court.  Tenet Healthcare Ltd.
v. Cooper, 960 S.W.2d 386, 388 (Tex. App.BHouston [14th Dist.] 1998, pet. dism'd
w.o.j.); City
of Alamo v. Garcia, 878 S.W.2d 664, 665 (Tex. App.BCorpus Christi 1994, no writ).








In construing a written contract, the
primary concern of the court is to ascertain the true intentions of the parties
as expressed in the instrument.  Coker v. Coker,
650 S.W.2d 391, 393-94 (Tex. 1983); Garner v. Corpus Christi Nat=l Bank, 944 S.W.2d 469, 474 (Tex. App.BCorpus Christi 1997, writ denied).  In this context, courts should examine and
consider the entire writing in an effort to harmonize and give effect to all
the provisions of the contract so that none will be rendered meaningless.  Coker, 650 S.W.2d at 393-94; First
Victoria Nat'l Bank v. Briones, 788 S.W.2d 632, 634 (Tex. App.BCorpus Christi 1990, writ denied).  An
unsigned paper may be incorporated by reference in a contract signed by a party
sought to be charged.  Teal Constr.
Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc., 46 S.W.3d 417, 420 (Tex. App.BAustin 2001, pet. denied)
(citing Owen
v. Hendricks, 433 S.W.2d 164, 166 (Tex. 1968)).  The specific language used is not important
so long as the contract signed by the defendant plainly refers to another
writing.  Teal Constr. Co., 46
S.W.3d at 420.  When a document is
incorporated into another by reference, both instruments must be read and
construed together.  Wolfe v. Speed
Fab-Crete Corp. Int'l, 507 S.W.2d 276, 278 (Tex. Civ. App.BFort Worth 1974, no writ).

In the present case, relator
asserts that it has established the existence of an arbitration agreement and
has shown that the claims raised fall within the scope of that agreement;
therefore, relator concludes that the trial court abused its discretion in not
ordering the parties to arbitration.  The
arbitration agreement which is the subject of this proceeding is a one page
document entitled AMutual Agreement to Arbitrate,@ and reads, in part, as
follows:

I
understand and acknowledge that as a condition of continued employment with
ETD, the company and I have voluntarily promised and agreed to submit all
claims or disputes between us to binding arbitration as provided in the
Handbook.








The
agreement provides for Aarbitration as provided in the
Handbook,@ and therefore, we find that
the agreement incorporates, by reference, portions of the employee handbook
into the agreement.  The handbook
contains a section labeled AMutual Arbitration
Policy/Procedures.@  Within this section, the handbook provides
for the procedures to be used in conducting arbitration, and lists those types
of claims and disputes which are covered by and excluded from the agreement to
arbitrate.  Those disputes which are
excluded from the agreement to arbitrate are: (1) an employee=s worker=s compensation or unemployment
compensation claim; and (2) claims by relator for injunctive relief from an
employee=s violation of a contract,
common law, or statute related to trade secrets or non-compete agreements.  The handbook receipt acknowledgment, signed
by the deceased, provides that the handbook consists of general guidelines
which may or may not be followed in specific cases.  Further, the introduction to the handbook provides
that the content therein Amay, and likely will, be
changed, modified, deleted or amended from time to time as the [relator] deems
appropriate, with or without prior notification to employees.@

Relator
has reserved the right to unilaterally amend the handbook, and in so doing, has
reserved the right to unilaterally amend the AMutual Arbitration
Policy/Procedures@ contained in the
handbook.  Moreover, relator has
included, in the handbook, the list of those types of claims covered by and
excluded from the arbitration agreement, and therefore, we find that relator
has reserved the right to unilaterally amend the types of claims covered by
said agreement.  Relator has, in essence,
reserved the right to unilaterally change the scope of the arbitration
agreement.








Relator
argues that the arbitration agreement contains all the essential elements of a
contract, and mere reference to the employee handbook does not render the
agreement illusory because, they argue, nothing in the handbook supplies or
vitiates the essential terms in the agreement itself.  We disagree. 
The arbitration agreement provides that Aall claims and disputes@ are subject to arbitration as
provided in the handbook, while the handbook, provides for several exceptions
from arbitration.  The general terms of
the one-page agreement are clearly subject to, and modified by, the specific
terms of the employment handbook.  See
Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133-34 (Tex. 1994) (in
contract interpretation, controlling effect must be given to specific
provisions over general provisions); Apex Fin. Corp. v. Brown, 7 S.W.3d
820, 826 (Tex. App.BTexarkana 1999, no pet.).

Alternatively,
relator acknowledges that it retains the right to amend its handbook, but
argues that the handbook cannot reasonably be construed to allow relator to
amend the scope of the arbitration agreement. 
Relator further argues a reasonable interpretation of the handbook is
that relator could only amend the procedures for conducting arbitration.  When a contract is susceptible of two
constructions, one which would render it valid and the other invalid,
construction validating it must prevail. 
Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979).  However, while the courts should avoid, if
possible, holding a contract void on the ground of uncertainty, they have no
right to eliminate terms of material legal consequence in order to uphold
it.  Luckel v. White, 819 S.W.2d
459, 463 (Tex. 1991); Dahlberg v. Holden, 150 Tex. 179, 183, 238 S.W.2d 699, 701
(1951). 

We are
unable to disregard the material terms included in the handbook, which have
been incorporated, by reference, into the arbitration agreement.  Reading the agreement and handbook together,
we hold that the purported arbitration agreement allows relator to unilaterally
amend the terms of the handbook, and in so doing, allows relator to
unilaterally amend the types of claims subject to arbitration.  Thus, relator retains the ability to pick and
choose the claims its wants to arbitrate.








A
contract must be based upon a valid consideration or mutuality of obligation. Iacono v. Lyons,
16 S.W.3d 92, 94 (Tex. App.BHouston [1st Dist.] 2000, no
pet.) (citing Texas
Gas Utils. Co. v. Barrett, 460 S.W.2d 409, 412 (Tex. 1970)).  Consideration may consist of either benefits
or detriments to the contracting parties. In re Turner Bros. Trucking Co., Inc.,
8 S.W.3d 370, 373 (Tex. App.BTexarkana 1999, orig.
proceeding).  It may consist of some
right, interest, profit, or benefit that accrues to one party, or,
alternatively, of some forbearance, loss or responsibility that is undertaken
or incurred by the other party.  Copeland v. Alsobrook,
3 S.W.3d 598, 606 (Tex. App.BSan Antonio 1999, pet.
denied); Solomon
v. Greenblatt, 812 S.W.2d 7, 15 (Tex. App.BDallas 1991, no writ).  When illusory promises are all that support a
purported bilateral contract, there is no mutuality of obligation and, thus,
there is no contract.  Light v. Centel
Cellular Co. of Tex., 883 S.W.2d 642, 645 (Tex. 1994).  A promise is illusory when it fails to bind
the promisor, who retains the option of discontinuing performance.  See id.; In re H.E. Butt Grocery Co.,
17 S.W.3d 360, 370 (Tex. App.BHouston [14th Dist.] 2000,
orig. proceeding).

Because
relator has reserved the right to unilaterally amend the types of claims
covered by said agreement, we conclude that the arbitration agreement is
supported only by an illusory promise, and is unenforceable.  Accordingly, relator has failed to establish
the existence of a valid arbitration agreement, and therefore, we hold that
respondent did not abuse his discretion in refusing to compel the parties to
arbitration.[2]








Relator=s petition for writ of
mandamus is DENIED.

 

                                     

ROGELIO VALDEZ

Chief Justice

 

 

Opinion delivered and filed 

this the 16th day of January,
2003.











[1]
We previously held that the Federal Arbitration Act does apply
to the agreement in the present case.  In
re C&H News Co., 13-02-149-CV, 2002 Tex. App. LEXIS 4660, at *2 (Corpus
Christi June 27, 2002, orig. proceeding). 
Neither relator nor real parties in interest argue that this holding was
incorrect. 





[2]
Real parties in interest have also urged this Court to deny relator=s
petition for writ of mandamus on the grounds that the real parties were not
signatories to the arbitration agreement, and therefore, they cannot be
compelled to arbitration.  We acknowledge
that nonsignatories may be compelled to arbitration only in limited
circumstances.  See Fleetwood
Enters., Inc. v. Gaskamp, 280 F.3d 1069, 1074 (5th Cir. 2002).  However, in light of our holding that no
enforceable arbitration agreement exists, we need not address this issue.