

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00163-CV

IN THE MATTER OF S.S.

----------

FROM THE PROBATE COURT OF DENTON COUNTY
TRIAL COURT NO. MH-2015-216

----------

## CONCURRING AND DISSENTING MEMORANDUM OPINION[1]

----------

I concur with the majority opinion with the exception that, rather than rendering judgment denying the State's application and ordering S.S.'s immediate release, I would remand this cause to the trial court for a new trial in the interest of justice because the evidence was not fully developed. *See* Tex. R. App. P. 43.3(b). Documents contained in S.S.'s file on which Dr. Shupe must

---

[1]*See* Tex. R. App. P. 47.4.

have relied in forming his opinions refer to specific witnesses and facts reported or recorded by those individuals, such as one or more of the police officers who responded to calls regarding S.S.'s bizarre behavior and actually witnessed it, as well as the clinicians who evaluated and screened S.S. upon admission to the hospitals in Denton and Wichita Falls. Testimony is surely available through one or two of those fact witnesses regarding overt physical acts by S.S. that caused neighbors or concerned citizens to call the police on at least four recent occasions preceding his arrest, as well as his behavior and any verbal statements he made during or after his arrest about his actions in fighting and disarming imaginary people. *See State v. K.E.W.*, 315 S.W.3d 16, 22 (Tex. 2010) (holding that the term "overt act" within the meaning of section 574.034(d) of the health and safety code includes verbal statements, as well as physical acts).

When reversing a trial court's judgment, a court of appeals must render the judgment that the trial court should have rendered, except when the interests of justice require a remand for another trial. Tex. R. App. P. 43.3(b). When a court of appeals reverses a trial court's judgment based on legal insufficiency of the evidence, a remand for retrial is permitted in the interest of justice if the evidence was not fully developed. *Jackson v. Hall*, 147 Tex. 245, 247, 214 S.W.2d 458, 459 (1948); *Butt v. Gonzalez*, 646 S.W.2d 584, 586 (Tex. App.—San Antonio

1983, no writ).[2]  Here, the clerk's record before us indicates evidence was available—had it been developed and properly introduced into evidence at the hearing—to establish the existence and nature of any overt acts, as well as a continuing pattern of behavior by S.S., to support S.S.'s temporary commitment for mental health services for his psychosis that admittedly renders him mentally ill.

The record reflects that the State filed its application for temporary mental health services for not more than ninety days on April 29, 2015, supported by two Certificates of Medical Examination for Mental Illness and a motion for interim protective custody.  On the same date, the trial court granted the order of protective custody, issued a writ of attachment for S.S., set a probable cause hearing for 2:00 p.m. that day, appointed an attorney for S.S., and set a hearing on the application for temporary mental services for May 13, 2015.

S.S., through his attorney, waived the right to be present at the probable cause hearing but reserved the right to contest mental illness and to present defenses available at the hearing on the merits.  On the same day, April 29, 2015, the trial court signed its order for continued detention based on probable

---

[2]This is not to say that a court of appeals may reverse an errorless judgment in the interest of justice.  *See Chrismon v. Brown*, 246 S.W.3d 102, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Davis v. Bryan & Bryan, Inc.,* 730 S.W.2d 643, 644 (Tex. 1987) (holding that a court of appeals may remand only when there is error in the trial court's judgment; absent such error, a court of appeals cannot reverse the trial court's judgment and remand in the interest of justice).

cause, effective to the date of the hearing on the application for mental health services, stating that it had examined screening reports from Brandi Brooks (an emergency clinician with MHMR) and Detective Gary Hall of the Denton County Sheriff's Department and the certificate of medical examination by Dr. Sabahat Faheem and had taken judicial notice of the complete file. However, at the outset of the final hearing on the application for temporary mental health services, S.S.'s attorney objected on the ground of hearsay to any documents in the file other than the second certificate of medical examination of Dr. Diana Isachievici; the trial court sustained the objection to "everything" except for the certificate. Thus, as the majority points out, the only evidence before the court at the hearing other than the Dr. Isachievici's certificate of medical examination was the testimony of Dr. Shupe, who had only met with S.S. shortly before the hearing.[3]

Dr. Shupe testified that trying to get a timeline from S.S. about what had happened was very difficult, that S.S.'s understanding of what was going on and why people were concerned about him was very limited, and that S.S. did not believe he had an illness or a reason to seek treatment. It is therefore obvious from his testimony that Dr. Shupe must have reviewed the entire file because he

---

[3]Even if the trial court had taken judicial notice of the narrative report of Detective Hall, the screening form completed by Ms. Brooks, and the certificates of medical examination, it could not have taken judicial notice of the truth of any allegations contained in those documents. *See State ex rel. K.H.*, No. 02-02-00301-CV, 2003 WL 21404821, at *2 (Tex. App.—Fort Worth June 19, 2003, no pet.) (mem. op.).

4

was familiar with the multiple calls to the police about S.S.'s "bizarre behavior" and with S.S.'s explanation that he had been fighting other people and had been disarming them of their weapons. It also appears obvious from the associate judge's findings at the hearing that he was well aware of the documents in the file and the potential harm to which S.S.'s continued behavior in fighting imaginary people would subject him and others. Reviewing the unedited transcript before him, the associate judge stressed on the record that the police contact with S.S. on the evening of April 27 and again early in the morning of April 28—when S.S. told the police he had been fighting people and disarming them but could not logically discuss with the police what he was doing—constituted evidence of recent overt acts by S.S. and that those acts would tend to indicate a deterioration of S.S.'s ability to satisfy his basic need for "safety." Counsel for S.S. disagreed that an overt act had been shown and also responded that there was no testimony as to what affected or hurt S.S.'s "safety" or why he was no longer safe because he was having delusions. But, absent the ability of the State to introduce the records into evidence, there was no evidence of facts constituting overt physical acts or even any verbal statements constituting "overt acts" tending to confirm that S.S.'s safety or that of others was likely in jeopardy or tending to demonstrate his distress and deterioration of his ability to function.

S.S.'s safety and his future may hang in the balance if he does not get the treatment he needs. Therefore, I would remand this case for a new trial in the

5

interest of justice so that the evidence may be fully developed.[4] *See Jackson*, 214 S.W.2d at 459*; see also Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex. 1966) (holding that when appellate court finds error in the judgment, both court of appeals and supreme court have discretion to remand in the interest of justice), *abrogated in part on other grounds by Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 517 (Tex. 1978); *Dahlberg v. Holden*, 150 Tex. 179, 187, 238 S.W.2d 699, 704 (1951) (holding that when there is error in judgment, whether to render or remand is a question "regarding which appellate courts are given broad discretion" (citing former Texas Rules of Civil Procedure 434 and 505)). For the reasons stated, I join in the majority's reversal but dissent from the majority's rendition of judgment denying the State's application for court-ordered temporary mental health services and ordering S.S.'s immediate release.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

DELIVERED: July 28, 2015

---

[4]The likely expiration of the ninety-day period for which S.S. was ordered to receive inpatient mental health services before the remanded case can be reheard will not render the retrial moot. *See K.E.W.*, 315 S.W.3d at 20 (holding that expiration of ninety-day period for services did not require that appeal be dismissed for mootness); *see also State v. Lodge*, 608 S.W.2d 910, 911 (Tex. 1980) (holding that mootness doctrine does not apply to appeals from temporary commitment orders).