Mary **ISBELL**, Appellant,

v.

Annie **ISBELL**, Appellee.

No. 7618.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 2, 1965.

Rehearing Denied March 2, 1965.

Hardy Moore, Moore & Lipscomb, Paris, Austin Guest, Clarksville, for appellant.

B. F. Edwards, Pat C. Beadle, Clarksville, for appellee.

CHADICK, Chief Justice.

This suit originated as a trespass to try title action to recover undivided interests

in two separate tracts of land. On the motion of defendant Annie Isbell, the trial judge withdrew the case from the jury and rendered judgment that plaintiff Mary Isbell take nothing by her suit.

The judgment entered necessarily decided that a deed dated April 20, 1946, from J. A. Isbell and his wife, Lizzie Isbell, to Annie Isbell conveyed the entire undivided interest and estate in the two tracts of land then vested in either or both J. A. Isbell and Lizzie Isbell. The issue between the parties is the size of the fraction of interest conveyed by the J. A. and Lizzie Isbell to Annie Isbell deed. That is, whether or not such deed conveyed all interest vested in either or both such grantors, or only an undivided one-third, if the grantors' presumptive interest at the time the deed was made was an undivided one-half. Clarity may be served by omitting at this point a description and the terminology of the conveyances under consideration as well as other factual detail and pleadings and first disposing of two incidental questions.

Advanced by the appellant Mary Isbell as grounds for reversal is a theory that appellee Annie Isbell in her pleadings in the trial court, specifically her cross-action for reformation of the J. A. and Lizzie Isbell deed of April 20, 1946, judicially admitted that at the date of that deed a one-half undivided interest in the two tracts of land was vested in J. A. and Lizzie Isbell. The proposition is that, as between the parties, the admission of the cross-action conclusively established such interest in J. A. and Lizzie Isbell or alternately raised a fact issue in that respect for jury determination.

■ Annie Isbell answered Mary Isbell's conventional trespass to try title petition with a plea of not guilty, followed in the same instrument by pleas setting up several of the statutes of limitation, then further pled several affirmative defenses and the action to reform the J. A. and Lizzie Isbell deed of April 20, 1946. The reformation pleading is prefaced by the phrase "* * * without waiving the hereinbe-

fore defensive matter * * *". This proviso clearly marks the action pled as alternative to the pleading that preceded it. Admissions made in this alternative plea for reformation have no effect outside the ambit of that particular action, which is to say, the admission establishes nothing relevant to Annie Isbell's primary defense of not guilty. Climatic Air Distributors of South Texas v. Climatic Air Sales, Inc., 162 Tex. 237, 345 S.W.2d 702; Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65; Red River Valley Pub. Co. v. Bridges (Ct. Civ.App.), 254 S.W.2d 854, wr. ref., n. r. e.; Rule 48, Vernon's Ann.Tex.Rules.

■ Appellee, Annie Isbell, asserts that certain testimony of Lizzie Isbell given during direct examination by counsel for Mary Isbell disclosed the intention of the grantors J. A. and Lizzie Isbell to convey by this deed to Annie Isbell, dated April 20, 1946, all interest they claimed in the two tracts, not just an undivided one-third. The testimony referred to appears in the statement of facts as follows:

"Q. Do you recall the occasion that you and your husband signed a deed to Mrs. Annie Isbell, in about 1946?

"A. Yes.

"Q. What property was it?

"A. The Glass.

"Q. What property did you convey in that deed?

"A. The Glass survey, and the Turner survey."

A reasonable construction of this testimony in the context in which it was given does not bear out the claimed result. Strictly and literally the witness states her opinion of the effect of the deed. It does not detail the circumstances surrounding the transaction nor give any insight into the intention of the parties, particularly the grantors when they used the term "* * all of our undivided one-third ($\frac{1}{3}$rd) inter-

est· * * *" in describing the land conveyed. Accordingly, the testimony is of no value in determining the intention of the parties to the instrument.

When the parties rested, the trial judge was confronted with this deed that the parties tacitly agree is latently ambiguous insofar as the size of the fractional interest it purported to convey is concerned. The record contains nothing to suggest the grantors and grantee in the deed were not available to testify, but confirms the presence in court of Annie Isbell and Lizzie Isbell as witnesses. The circumstances surrounding the transaction that produced the deed are not of record. As a consequence, the judgment of the trial court takes off from incapacious grounds, and is waveringly borne aloft by dubiously applicable rules of construction, trailing a vapor stream of doubt.

It was stipulated R. Isbell and wife, M. S. Isbell, parents of J. A. Isbell and J. D. Isbell, husbands, respectively of Lizzie Isbell and Annie Isbell, were the owners in their community right of the Henry Glass 160 acre survey in Red River County, Texas, and the common source of title thereto; and that the Federal Land Bank of Houston is the common source of title to the 273.2 acre tract in the Joshua Turner Survey in the same County. All evidence introduced at the trial was offered by the plaintiff, this included the following deeds: (1) dated September 24, 1937, the Federal Land Bank of Houston to Annie Isbell and Lizzie Isbell, respectively the wives of J. D. Isbell and J. A. Isbell, conveying the Joshua Turner survey tract, with a reservation of a one-half (½) royalty interest; (2) dated March 30, 1929, M. S. Isbell, individually and as Community Administratrix to J. A. Isbell and J. D. Isbell, conveying the Henry Glass 160 acre survey, (it was stipulated Mrs. M. S. Isbell was then duly appointed and a qualified and acting Community Administratrix of the estate of herself and her husband, R. Isbell, deceased); (3) dated April 20, 1946, J. A. Isbell and wife, Lizzie Isbell, to Annie Is-

bell, wife of J. D. Isbell, deceased, conveying interests in four tracts of land, reading in its parts here pertinent as follows:

" * * * all that certain An undivided one-fourth interest in and to the following described tract of land.

"FIRST TRACT: * * *

"SECOND TRACT: * * * Also all of our undivided one-third (⅓) interest of, in and to the following described land, to-wit:

"THIRD TRACT: Situated in Red River County, Texas, about 8 miles South, 15 degrees East from Clarksville, being the Henry Glass pre-emption Survey * * * containing 160 acres, more or less; (the First Tract in the Plaintiff's petition).

"Also our undivided one-third (⅓rd) interest of, in and to the following described tract of land, to-wit:

"FOURTH TRACT: All that certain 273.2 acres of land, more or less, a part of the Joshua Turner Survey, Abstract No. 829, and more particularly described as follows, to-wit: (the Second Tract in the plaintiff's petition).

"The grantors herein reserve unto themselves, their heirs and assigns forever, an undivided one-sixth interest in and to the oil, gas and other minerals they now own in, * * *".

(4) dated September 8, 1961, Lizzie Isbell and husband, J. A. Isbell, to Mary Isbell, conveying "all of our one-sixth interest in the two tracts of land heretofore referred to above as being in the Glass and Turner Surveys."

Under deed numbered (1) above, Annie Isbell and Lizzie Isbell were vested with title as co-tenants to the Turner survey tract, and under deed numbered (2) above, J. A. Isbell and J. D. Isbell were vested with title as co-tenants to the Glass survey tract. Standing alone and unexplained, the legal presumption arises that the grantee

co-tenants in each of the deeds are vested with title to equal undivided interest in the respective tracts of land. John Hancock Mut. Life Ins. Co. v. Bennett (Tex.1939) 128 S.W.2d 791; Deeds, 19 Tex.Jur.2d, Sec. 118, p. 413; 26 C.J.S. Deeds § 127, p. 966. Based on this presumption Lizzie Isbell held an undivided one-half interest in the Turner Survey tract, and her husband J. A. Isbell held an undivided one-half interest in the Glass Survey tract. However, this presumption is rebuttable and yields to evidence of ownership in a different proportion or fraction. Ford v. Anderson, (Ct.Civ.App.) 83 S.W.2d 443, no writ; Keltner v. Glenn, (Ct.Civ.App.) 81 S.W.2d 1051, no writ.

The deed of J. A. and Lizzie Isbell to Annie Isbell (numbered 3 above) grants " * * * all of our one-third (⅓) undivided interest ~~in and to~~ * * * " in the two tracts of land. The trial judge presumably construed this language as an affirmation by them as grantors that they owned, claimed or held only a one-third undivided interest in each of the two tracts. In other words, that J. A. and Lizzie Isbell as grantors in their deed (numbered (3) above), which was subsequent in time to the deeds (numbered (1) and (2) above) vesting title in them, explained and interpreted these two prior deeds and declared the true, rather than the presumptive fractional interest that was conveyed to them by such prior deeds.

All doubt as to the meaning of the language in question is to be resolved in favor of the grantee, Annie Isbell. See Deeds, 19 T.J.2d, Sec. 10, p. 398. The fact that Annie Isbell paid J. A. and Lizzie Isbell the valuable consideration recited in the deed indicates that she was of the opinion that they owned some interest in the land they purported to convey to her. Viewing this deed from grantee Annie Isbell's standpoint at the time it was delivered to her, the recital "all our undivided one-third (⅓rd) interest * * * " would seem to imply that an undivided one-third constituted all interest then claimed by the grantors in the tracts conveyed. There is authority that when a grantor in a deed undertakes to recite the estate vested in him by a prior deed or deeds he limits his interest to the estate he describes, though he might be vested with an estate of greater dignity than that claimed in his interpretive deed. See Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077; Henderson v. Book (Tex.Ct.Civ.App.), 128 S.W.2d 117, writ refused; Deeds, 19 Tex. Jur.2d, Sec. 122, p. 420. Well settled also is the rule that a deed will be considered to convey the greatest interest and estate that a fair construction permits. Deeds, 19 Tex. Jur., Sec. 117, p. 411, and case listed in footnote 14.

There is, however, another rule that more persuasively supports the affirmance of the trial court judgment. A plaintiff in a trespass to try title case must recover, if at all, on the strength of his own title. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226; Land v. Turner, (Sup.Ct. 1964), 377 S.W.2d 181; Trespass to Try Title, 56 Tex.Jur.2d, Sec. 7, p. 67, et seq. In this case the burden was on Mary Isbell to show that the ambiguous deed (numbered (3) above) from J. A. and Lizzie Isbell to Annie Isbell did not convey the entire interest owned by the grantors. This she failed to do. Having fallen short in that respect, her title to a one-sixth undivided interest in the two tracts fails because the deed (numbered (4) above) from J. A. and Lizzie Isbell to her dated September 8, 1961, conveys nothing as no title is shown to be vested in her grantors.

The judgment of the trial court is affirmed.