Mary ISBELL, Petitioner,

v.

Annie ISBELL, Respondent.

No. A–10728.

Supreme Court of Texas.

Nov. 3, 1965.

Austin Guest, Clarksville, Moore & Lipscomb, Paris, for petitioner.

B. F. Edwards, Pat C. Beadle, Clarksville, for respondent.

STEAKLEY, Justice.

This is an action in trespass to try title. The trial court withdrew the case from the jury and rendered judgment that the plaintiff below, Mary Isbell, a widow, take nothing. The Court of Civil Appeals affirmed, 387 S.W.2d 456, and Mary Isbell is Petitioner here. The defendant below, and Respondent here, is Annie Isbell, also a widow.

Mary sought to recover an undivided one-sixth interest in two tracts of land. The common sources of title were stipulated. Mary introduced four subsequent deeds in evidence, and rested. Annie offered no evidence but moved for judgment, which motion was granted by the trial court. The four deeds which Mary intro-

duced to establish her title to an undivided one-sixth interest are described in detail in the opinion of the Court of Civil Appeals. The fourth deed, dated September 8, 1961, was a conveyance by J. A. and Lizzie Isbell to Mary Isbell of " * * * all of our undivided one-sixth (⅙) interest in and to * * * " two tracts of land identified as the Glass and Turner Surveys and described by metes and bounds. It is this interest which Mary seeks to recover in her suit. Deed No. 1, dated September 24, 1937, from the common source conveyed the Turner tract to Annie and Lizzie Isbell in undivided shares. Deed 2, dated March 30, 1929, from the common source conveyed the Glass tract to J. A. Isbell (husband of Lizzie) and J. D. Isbell (husband of Annie) in undivided shares. The problem of the case arises out of deed No. 3, dated April 20, 1946, by which J. A. and Lizzie Isbell conveyed to Annie Isbell, wife of J. D. Isbell deceased, " * * * our undivided one-fourth interest in * * * " two tracts of land not here involved and, as to the two tracts here involved:

" * * * all of our undivided one-third (⅓) interest of, in and to * * " the Glass Survey of 160 acres; " * * also all [1] our undivided one-third (⅓) interest of, in and to * * * " the Turner Survey of 273.2 acres.

It was the holding of the Court of Civil Appeals that deed No. 3 is ambiguous; that its terms implied that an undivided one-third interest constituted all the interest claimed by the grantors; and that Mary had the burden of showing that deed No. 3 did not convey the entire interest owned by J. A. and Lizzie Isbell, failing which she failed to prove her title. Our views are otherwise.

Under deeds No. 1 and No. 2, J. A. and Lizzie Isbell received undivided one-half interests in the two tracts of land

and it is presumed that such ownership continued in the absence of evidence to the contrary. Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951); John Hancock Mutual Life Insurance Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791 (1939). Deed No. 3 on its face is a conveyance by J. A. and Lizzie Isbell to Annie Isbell of a one-third interest in the two tracts. It was the remaining one-sixth interest which was the subject of deed No. 4. The controlling consideration is the fact that deed No. 3 by its express terms conveyed a limited interest in the two tracts, namely, a one-third interest. Moreover, the description made no reference to a source of title or to a prior deed as was the case in Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077 (1935). The whole case for ambiguity, and for the breaking down of Mary's title, rests on the use of the word "all" in the description of the undivided one-third interests conveyed by deed No. 3. This is not a sufficient circumstance to rebut the presumption that J. A. and Lizzie Isbell owned undivided one-half interests in the two tracts of land. Whatever the reason for the use by the scrivener of the word "all"—whether ineptly or deliberately employed—the word as here used, and standing alone, does not render the conveyance ambiguous or create a presumption that the grantors owned no more than the undivided one-third interests conveyed. We hold that Mary established her title under the stipulated common sources and is entitled to recover on her count in trespass to try title since Annie made no proof of a superior title in herself or otherwise overcame Mary's prima facie case. Davis v. Gale, 160 Tex. 309, 330 S.W.2d 610 (1960).

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the case is remanded to the trial court with instructions to enter judgment in accordance with this opinion.

1. The word "all" is erroneously omitted from this description in the opinion of the Court of Civil Appeals, 387 S.W.2d 456, 459.