Mather DORBANDT, Appellant,

v.

Raymond M. JONES et al., Appellees.

No. 11999.

Court of Civil Appeals of Texas, Austin.

Feb. 21, 1973.

Rehearing Denied April 18, 1973.

Alvin Nored, Lynch, Nored, Martin & Millican, Lampasas, for appellant.

James A. Builta, Hammett, Hammett & Cavness, Lampasas, for appellees.

SHANNON, Justice.

This appeal concerns a boundary dispute. Raymond M. Jones and Joyce Ray Taylor, appellees, filed a trespass to try title suit in the district court of Burnet County against Mather Dorbandt, appellant. The land in controversy consisted of an 0.111 acre tract on Lake Buchanan. Upon trial to the court, judgment was entered for appellees for the title to and the possession of the land. We will affirm that judgment.

Upon request, the court filed findings of fact and conclusions of law, and determined that appellees were entitled to judgment and possession of the tract, (1) by virtue of the ten-year statute of limitation; (2) by establishing a regular chain of title from the common source; (3) by a prior judgment of the district court of Burnet County in cause number 3783 which established a boundary line between the land of the appellees and that of the appellant's predecessors in title; and (4) by estoppel through the acceptance of benefits of the prior judgment.

A resume of the pertinent facts follows. In June of 1947 Linda Lou Friedsam became the sole owner of a quantum of land in Burnet County which included the 0.111 acre tract. In that same month she conveyed 5.4 acres of that land to J. E. Ulbricht and V. G. Heckman, appellant's predecessors in title. The land in the sale consisted of the point of a peninsula, bounded on the east by the Dorbandt Ranch and elsewhere by the contour line of Lake Buchanan. The 0.111 acre tract was a part of the land in that sale.

On March 3, 1948, judgment was entered by the district court of Burnet County in cause number 3783 in which Linda Lou Friedsam and her lessee, Raymond M. Jones, and E. J. Ulbricht and V. G. Heckman were parties. The exact nature of that suit is not known since its pleadings were not made a part of this record. However, by the terms of the judgment Ulbricht and Heckman were granted an easement over other lands of Friedsam to gain access to the 5.4 acres which they had purchased from Friedsam. Also, that judgment recited an agreement by the parties, and an order by the court, that Ulbricht and Heckman build "a substantial fence, sufficient to turn cattle" between their 5.4 acre parcel and Friedsam's land.

Although there was some contrary evidence as to time, the court found that soon after the entry of the judgment, the parties located the boundary line upon the ground and constructed a permanent fence. Appellee Jones testified that he, as lessee of Friedsam, agreed with Ulbricht and Heckman on the location of the fence, and that it represented a "partition fence" between the 5.4 acre parcel and the land of Friedsam. Jones said further that the fence was built on the agreed location. The fence, as constructed on that location, in-

cluded the 0.111 acre parcel with the lands of Friedsam.

On September 11, 1948, Ulbricht and Heckman sold the 5.4 acre parcel to Frank L. Gray who subdivided that land. Vernon Dorbandt, father of appellant purchased a lot of 0.902 acres in that subdivision in November of 1961. It is appellant's position that his lot includes the 0.111 acres in controversy. Appellees filed suit in March of 1970.

Appellant attacks the judgment by fourteen points of error. The first point complains of the court's failure to grant appellant's amended motion for new trial which was grounded upon newly discovered evidence. The other thirteen points, in general, concern the sufficiency of the evidence to support the judgment.

In his amended motion for new trial appellant stated that subsequent to trial he discovered several letters from Linda Lou Friedsam and appellee Jones to Frank Gray. He learned of the letters in a long distance telephone conversation with the son of Frank Gray. Those letters, appellant swore, would constitute proof of new and material facts which would cause a different judgment in another trial of the case.

The consideration of a motion for new trial grounded upon newly discovered evidence requires that the trial court examine a series of fact questions, the determination of which is left largely to the discretion of the court. 4 McDonald, Texas Civil Practice § 18.16.1 (Rev.Ed.1971). One fact question to be resolved is that whether or not the movant exercised due diligence prior to trial to discover that evidence. It is said that diligence has not been exercised if the same effort used to procure the testimony subsequent to trial would have had the same result if exercised prior to trial. Vance v. Obadal, 256 S.W.2d 139 (Tex.Civ.App.1953, writ ref'd); see also New Amsterdam Casualty Company v. Jordan, 359 S.W.2d 864 (Tex.1962).

From an examination of the amended motion for new trial we are not persuaded that the trial court abused its discretion in overruling the motion, determining thereby that due diligence had not been exercised prior to trial to discover the letters.

Points of error three, four, and five are no evidence points by which appellant complains of the findings of the court that the judgment in cause number 3783 was an adjudication of the boundary line and that the fence built pursuant to that judgment was constructed in 1948.

The judgment in cause number 3783 is included in the statement of facts, but the pleadings are not. Though it is not possible to ascertain the exact nature of that suit, the judgment does state, among other things, that the parties agreed to build a substantial fence, "sufficient to turn cattle," from a point on the Lake Buchanan contour line between the 5.4 acre parcel of land owned by Ulbricht and Heckman and the lands owned by Friedsam. Upon that agreement, the court ordered the fence to be built. The judgment did not specify the location of the fence other than to state that it was to be "between" the 5.4 acre tract of Ulbricht and Heckman and the lands of Friedsam and that the fence would extend ". . . from the division fence between said 5.4 acres of land and the Dorbandt land in a Westerly direction to the water's edge of Lake Buchanan as it ebbs and flows . . . ."

Appellee Jones' testimony was somewhat contradictory, but he did testify that in a few days, or a week, or three or four months after the judgment, he and Ulbricht and Heckman met on the ground and built the fence. This position is corroborated by appellant's witness, Gibbs, who stated that, "at the end of the—immediately after the end of, or the termination of this law suit, in accordance with that judgment, something was done pertaining to the fence at that time".

After the parties met, Jones testified that they agreed upon the location of the fence, and that it was a "partition fence" between their respective lands. This was so even though Jones was not certain that the fence was built in accordance with the terms of the judgment in cause number 3783.

■■ Findings of fact by the court are comparable to a jury verdict upon special issues, and when supported by some competent evidence those findings will not be disturbed on appeal. 4 McDonald, Texas Civil Practice, § 16.05 (Rev.Ed.1971). We are satisfied upon an examination of the statement of facts that the findings complained of are supported by competent evidence.

■ By his second point of error appellant states that appellees "failed to prove the necessary facts" to establish title by the ten year statute of limitations. We construe this point of error to be a no evidence point and to complain of "a complete absence of evidence of a vital fact"[1] to perfect title by limitation.

The vital facts which appellees failed to prove, appellant says, are that the use of the parcel was recreational which was its highest and best use, and that the land was used continuously.

■ The court found that the highest and best use of the 0.111 acre parcel was for grazing and fishing. Assuming with appellant for purposes of this point that the highest and best use of the parcel was not for grazing and fishing, but rather for recreational purposes, we are unaware of a requirement which obligates one to use land at its highest and best use in order to perfect limitation title. The appropriation of the land need only to be of such character as to show an assertion of a claim of exclusive ownership in the occupant.

McDonnold v. Weinacht, 465 S.W.2d 136 (Tex.1971).

■ When grazing is relied upon to perfect title by limitation there must also be sufficient enclosure, such as to show that the land was purposely enclosed and to show the assertion of a hostile claim to the true owner. Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781 (1954). Reference has already been made to the fence built by Ulbricht and Heckman and Jones shortly after the prior litigation. The fence required repairs every time Lake Buchanan receded, and one witness had seen those repairs made for nineteen years. Jones testified that Ulbricht and Heckman knew from the day the fence was constructed that Linda Lou Friedsam and he were claiming title to the 0.111 acre parcel.

Appellant contends that appellees' use of the tract was not continuous for the reason that his grazing of livestock thereon was seasonal. The factual basis for this contention is found in the hearing on appellant's amended motion for new trial. An examination of the statement of facts shows that the land was used for grazing from 1948 until the time of the trial. Appellees' guests and business invitees also occasionally used the tract for fishing. Appellee Jones testified, without objection, that he had been in continuous and uninterrupted possession of the land from the time the fence was built until the time of the trial as lessee or owner.

■ The judgment of the trial court will be affirmed for a further reason. The court concluded that appellees were entitled to judgment and possession of the tract of land for the additional reason that appellant was estopped from attacking the boundary line adjudicated by the judgment in cause number 3783 and located on the ground by the parties thereto who constructed the permanent fence thereon in

---

1. University of Texas: Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 362 (1960).

accordance with that judgment. Appellees in their pleadings had asserted estoppel as an independent ground of recovery. Appellant did not attack the court's conclusion on estoppel by a point of error, and by so doing he waived his right to complain. City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77, 84 (1955); LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44 (Tex.Civ.App.1966, writ ref'd n. r. e.).

In view of our disposition of the case, the balance of appellant's points need not be discussed.