COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-349-CV

 

 

FLOYD EDGAR HUTSON                                                       APPELLANT

 

                                                   V.

 

TRI-COUNTY PROPERTIES, LLC                                                APPELLEE

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Floyd Hutson
appeals from the trial court=s summary judgment decreeing that Tri-County Properties, LLC is the
legal and equitable owner of title to a 48.3 acre tract of real property
located in Parker County, Texas (Athe Property@).  Hutson brings four issues on appeal:  (1) section 34.21 of the Texas Tax Code
(which incorporates the definition of Aresidence homestead@ contained in Texas Tax Code section 11.13(j)(1)) is unconstitutional
because it imposes a more restrictive definition of Ahomestead@ than that
contained in the Texas Constitution; (2) the trial court erred by granting
summary judgment and holding that, as a matter of law, Hutson did not timely
redeem the ownership of his property; (3) the trial court abused its discretion
by denying Hutson=s motion for
new trial based on newly-discovered evidence; and (4) the trial court erred by
finding that Tri-County Properties conclusively established every element of
its claim as a matter of law.  Because we
hold that Hutson did not preserve his constitutional argument and the trial
court properly granted summary judgment for Tri-County, we affirm.

Facts and Procedural History

In 1998, Azle ISD filed a tax
suit to collect delinquent ad valorem taxes due on the Property, which is
appraised for purposes of property taxation by both Parker County=s and Tarrant County=s appraisal districts.  Azle ISD
filed the suit against Clarion Trust, the owner of record, for whom Hutson
served as the registered agent.  Clarion
had acquired the Property by a quitclaim deed executed by Hutson in 1996.  On March 9, 2001, Clarion deeded the Property
back to Hutson and his wife.  Three days
later, on March 12, 2001, Hutson and his wife conveyed the Property to
Hollywood Land Pictures.








The trial court entered
judgment on the tax suit on October 29, 2002, in favor of Azle ISD and against
Clarion Trust, Hollywood Land Pictures, and the Hutsons.  Tri-County bought the Property at a sheriff=s tax sale on June 23, 2003. 
Tri-County recorded the deed on June 26, 2003.  On March 4, 2004, Tri-County initiated and
prevailed in an eviction proceeding against Huston.  Hutson contends that, at that time, he and his
wife were co-owners of the Property.

On June 22, 2005, Hutson
asserted a right to redeem the Property under the Texas Tax Code and the Texas
Constitution.  On July 29, 2005,
Tri-County filed its original petition for trespass to try title.  On May 18, 2006, Tri-County filed a motion
for summary judgment on both traditional and no-evidence grounds, arguing that
Hutson=s redemption was not timely because it was not done within 180 days
from the date the purchaser=s deed was filed of record.  In
his response, Hutson argued that the redemption was timely because it was
within the two-year window allowed by the Texas Tax Code for a homestead and/or
land designated for agricultural use. 
The trial court rendered summary judgment for Tri-County.








Hutson then filed a motion
for new trial alleging newly-discovered evidence showing that the Property was
designated for agricultural use by the Parker County Appraisal District at the
time the tax suit was filed.  In
response, Tri-County argued that the motion was not verified, that Hutson=s failure to obtain the evidence until after the summary judgment was
due solely to his lack of diligence, and that the evidence did not help Hutson
because to have land designated for agricultural use when the property is
appraised by more than one appraisal district, the landowner must file an
application for the designation with both appraisal districts.  The trial court denied the motion.  Hutson timely filed this appeal.

Standard
of Review

A plaintiff is entitled to
summary judgment on a cause of action if it conclusively proves all essential
elements of the claim.[1]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[2]








After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.[3]  The motion must specifically state the
elements for which there is no evidence.[4]  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.[5]  When reviewing a no evidence summary
judgment, we examine the entire record in the light most favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.[6]  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no evidence summary judgment is not proper.[7]








When a party moves for
summary judgment under both rules 166a(c) and 166a(i), we will first review the
trial court=s judgment
under the standards of rule 166a(i).[8]  If the appellants failed to produce more than
a scintilla of evidence under that burden, then there is no need to analyze
whether the appellee=s summary
judgment proof satisfied the less stringent rule 166a(c) burden.[9]

Analysis

In Hutson=s first issue, he asserts that Texas Tax Code section 34.21 is
unconstitutional because it imposes a more restrictive definition of Ahomestead@ than that
contained in the Texas Constitution. 
Hutson did not make this argument in the trial court, either in response
to Tri-County=s summary
judgment motion or in his motion for new trial. 
A challenge to the constitutionality of a statute may be waived.[10]  A constitutional challenge Anot expressly presented to the trial court by written motion, answer
or other response to a motion for summary judgment will not be considered on
appeal as grounds for reversal.@[11]  We therefore hold that Hutson
has not preserved this issue for appeal. 
Accordingly, we overrule his first issue.








In his second issue, Hutson
argues that the trial court erred by finding that he did not timely redeem the
ownership of the Property.  He contends
that the trial court should have applied the property code=s definition of @homestead@ instead of the tax code=s definition of Aresidence
homestead@ in
determining whether Hutson timely redeemed the Property.








The Texas Constitution allows
a party to claim up to 200 acres of rural land as that party=s rural Ahomestead,@ and generally this land cannot be put into a forced sale to pay the
party=s debts.[12]  The Constitution does not protect land from
forced sale for unpaid taxes on that land, and in fact the Constitution
expressly directs the Legislature to provide for the sale of land for unpaid
taxes.[13]  But while the Constitution does not protect
property from a forced sale for unpaid taxes, the Constitution does provide
that after the sale, the land may be redeemed by the property owner within a
set period of time.[14]  Generally, that period is six months.[15]  But for land that is designated for
agricultural use, or land that is used by a party as that party=s Aresidence
homestead,@ the
redemption period is two years.[16]  In summary, a creditor generally cannot force
the sale of a party=s land to
pay the party=s debts to
the creditor; however, land may be subjected to a forced sale to pay taxes on
the property, but in such a case, the party may redeem the property after the
fact.  Thus, property is treated
differently, with different protections for the owner, depending on whether the
threatened sale is for general debts or for taxes.

Hutson argues that the
definition of Ahomestead@ in the property code and the definition of Aresidence homestead@ in the tax code are irreconcilable and that Athe Texas Constitution requires that, for purposes of forced sale and
redemption (though not necessarily tax valuation), the definitions [of Ahomestead@ and Aresidence homestead@] be the same.@  We disagree. 
The Constitution itself treats property differently depending on whether
it is being sold to pay the owner=s debts or to pay taxes on the property.  And nothing in the Constitution prevents the
Legislature from defining what property may be kept from forced sale
differently from property that may be redeemed after the sale, especially when
the protection from forced sale (by general creditors) and opportunity for
redemption (after a tax sale) arise in very distinct circumstances.








Because the Constitution does
not require that Ahomestead@ and Aresidence
homestead@ be defined
the same, and because it does not define the term Aresidence homestead,@ the Legislature was free to provide such a definition.  It did so in Texas Tax Code section
11.13(j)(1).[17]  Because the protection given to a Ahomestead@ (the
prevention of a forced sale to pay general debts) and the protection given to a
Aresidence homestead@ (allowing for redemption after the Constitution-sanctioned tax sale)
arise in distinct contexts,[18]
the definition of Ahomestead@ in the property code and the definition of Aresidence homestead@ in the tax code are not irreconcilable.  The trial court therefore did not err by
relying on the definition of Aresidence homestead@ in the tax code rather than the definition of Ahomestead@ found in
the property code.  We overrule Hutson=s second issue.








In his fourth issue, Hutson
complains of the legal sufficiency of Tri-County=s summary judgment evidence on its claim of ownership of the Property.[19]  He argues that Tri-County=s evidence is only relevant to its ownership of the Property in 2003
and not of its continued ownership in 2006, the time of the summary judgment
below.

A legal sufficiency challenge
may only be sustained when (1) the record discloses a complete absence of
evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere scintilla;
or (4) the evidence establishes conclusively the opposite of a vital fact.[20]  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.[21]








Tri-County included with its
summary judgment motion the sheriff=s deed it received in the tax sale; the affidavit of its attorney
stating that he had been hired by Tri-County to quiet title to the Property,
which it purchased at the tax sale; Hutson=s answers to Tri-County=s interrogatories in this action; Azle ISD=s original petition to foreclose on the Property for unpaid taxes; an
excerpt from the Hutsons= testimony
at the eviction proceedings; and records from the Tarrant County Appraisal
District regarding the Property and showing no designations or exemptions for
the Property in 1998.








Texas Tax Code section 34.01
states that a deed from a tax sale vests good and perfect title in the
purchaser at the sale and that the deed may be impeached only for fraud.[22]  Thus, by producing the deed, Tri-County
produced some evidence of ownership. 
Hutson does not argue on appeal that the deed constitutes no evidence of
ownership because it was obtained by fraud. 
Nor does he argue any other grounds why the deed is no evidence to show
that Tri-County took ownership of the Property under the tax deed.  Instead, he argues that the deed may constitute
evidence of Tri-County=s ownership
in 2003, the time of the tax deed, but it does not constitute evidence of
Tri-County=s continued
ownership of the Property at the time of the summary judgment.   Hutson does not cite any authority for the
proposition that a deed evidencing ownership on one date is no evidence of
continued ownership at a later date,[23]
and we have found none.  To the contrary,
Texas courts have held that once a status or state of facts, such as property
ownership, is established, then in the absence of evidence to the contrary, it
is presumed that such status or state of facts continues.[24]  Thus, in the absence of summary judgment
evidence to the contrary, we presume that Tri-County=s ownership of the Property continued from the date of the tax deed to
the time of the summary judgment below. 
We overrule Hutson=s fourth
issue.








Finally, we determine Hutson=s third issue.  Hutson argues
that the trial court abused its discretion by denying his motion for new trial
based on newly-discovered, outcome-determinative evidence.  The evidence in question is an affidavit from
Parker County Appraisal District (APCAD@) employee
Eleanore Skidmore stating that, although PCAD cannot provide certified tax
certificates or other certified documents for the relevant year, she has
reviewed the information located within PCAD and the Property was designated
for agricultural use by PCAD in 1998. 
The motion also attached the affidavit of Hutson=s attorney=s
paralegal.  In the affidavit, the
paralegal states that in June 2006, she contacted PCAD on multiple occasions
and was told by at least two different (unnamed) PCAD employees that because
the information relating to tax use designation or exemption status of the
Property for 1998 would be located on a computer system that was no longer
accessible, Athe tax use
designation and exemption information for the Property for the year 1998 was
not available and there was no way to find out what use designation and/or
exemptions were approved or existed for the Property for the year 1998.@        Whether to grant a new
trial based on newly discovered evidence is within the discretion of the trial court.[25]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, whether the act was arbitrary
or unreasonable.[26]








A party seeking a new trial
on the ground of newly discovered evidence must show the following:  (1) the evidence has come to light after
trial; (2) it was not owing to want of due diligence that the evidence did not
come to light sooner; (3) the new evidence is not cumulative; and (4) the
evidence is so material that it would likely produce a different result if a
new trial were granted.[27]  The due diligence requirement has not been
met Aif the same diligence used to procure the testimony subsequent to
trial would have had the same result if exercised prior thereto.@[28]

In her affidavit, Skidmore
states that she has worked for PCAD for seven years.  She therefore worked at PCAD before the
summary judgment hearing.  Hutson=s attorney argued to the trial court that his paralegal had been told
by employees at PCAD that the information was unavailable, but he made no
explanation to the trial court for why he was able to obtain this information
from Skidmore after summary judgment but not before.  Nor does Skidmore=s affidavit demonstrate any reason why she could not have provided a
similar affidavit before summary judgment.








Further, Texas law requires
local governments and governmental entities to retain their records in
accordance with retention schedules set by the Texas State Library and Archives
Commission,[29]
and these schedules require that appraisal rolls be kept permanently.[30]  Approved applications for exemptions or
special appraisal must be kept until superceded or until ten years after the
entitlement ends for one-time applications and for ten years or until
superceded plus nine years for annually renewed applications.[31]  Exemption and special appraisal lists must be
retained permanently.[32]  Thus, with a diligent search of relevant
statutes and regulations, Hutson could have discovered before trial that PCAD
was required to have retained the relevant records needed to determine that the
Property had been designated for agricultural use in 1998.  The trial court did not abuse its discretion
by denying the motion for new trial based on the Skidmore affidavit because the
court could have properly determined that it was due to a lack of diligence
that Hutson did not obtain this evidence before trial.  We overrule Hutson=s third issue.

 

 

 

 








Conclusion

Having overruled Hutson=s issues, we affirm the trial court=s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, WALKER, and
MCCOY, JJ.

DELIVERED: 
November 8, 2007











[1]See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[2]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v.
Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[3]Tex. R. Civ. P. 166a(i).





[4]Id.;
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).





[5]See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).





[6]Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).





[7]Moore
v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).





[8]Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).





[9]Id.





[10]Tex.
Dep=t of
Protective and Regulatory Servs. v. Sherry, 46 S.W.3d 857, 861
(Tex. 2001).





[11]City
of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex.
1986).





[12]See Tex. Const. art. XVI, '' 50,
51.





[13]Id. art.
VIII, ' 13,
art. XVI, '
50(a)(2).





[14]Id. art.
VIII, ' 13.





[15]Id. art.
VIII, '
13(e).





[16]Id. art.
VIII, '
13(c).





[17]See Tex. Tax Code Ann. '
11.13(j)(1) (Vernon Supp. 2007).





[18]See
Norris v. Thomas, 215 S.W.3d 851, 858 (Tex. 2007) (recognizing
that the concept of Ahomestead@
found in the property code differs from the definition Aresidence
homestead@ of
the tax code and stating that the different concepts of Ahomestead@ used
in state statutes and regulations Ademonstrat[e] . . . that
policymakers are adept at adopting different definitions for different purposes@).





[19]See
Mayes v. Stewart, 11 S.W.3d 440, 450 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied) (a Ano evidence@
issue is a challenge to the legal sufficiency of the evidence).





[20]Uniroyal Goodrich Tire Co. v.
Martinez, 977
S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999);
Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 TEX. L.
REV. 361, 362-63 (1960).





[21]City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).





[22]Tex. Tax Code '
34.01(n) (Vernon Supp. 2007).





[23]See Tex. R. App. P. 38.1(h) (requiring that
the appellant=s
brief Acontain
a clear and concise argument for the contentions made, with appropriate
citations to authorities@); see
also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284‑85
(Tex. 1994) (stating that error may be waived by inadequate briefing).





[24]See
Isbell v. Isbell, 395 S.W.2d 825, 826 (Tex. 1965); Dahlberg v.
Holden, 150 Tex. 179, 185, 238 S.W.2d 699, 703 (Tex. 1951); Brownlee v.
Sexton, 703 S.W.2d 797, 800 (Tex. App.CDallas 1986, writ refused
n.r.e.). 





[25]Jackson
v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983), overruled
in part on other grounds by Moritz v. Preiss, 121 S.W.3d 715 (Tex.
2003); Marvelli v. Alston, 100 S.W.3d 460, 483 (Tex. App.CFort
Worth 2003, pet. denied).





[26]Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[27]Marvelli, 100
S.W.3d at 483.





[28]Hayman
v. Dowda, 233 S.W.2d 466, 471 (Tex. Civ. App.CFort
Worth 1950, no writ); see also Wilkins v. Royal Indem. Co., 592 S.W.2d
64, 69 (Tex. Civ. App.CTyler
1979, no writ); Dorbandt v. Jones, 492 S.W.2d 601, 603 (Tex. Civ. App.CAustin
1973, writ ref=d
n.r.e.).





[29]Tex. Loc. Gov=t Code Ann. ''
201.003(15), 203.042 (Vernon 1999 & Supp. 2007).





[30]See Local
Schedule Tx, section 1-2 (2d ed. 1993), available at http://www.tsl.state.tx.us/slrm/recordspubs/tx.html#1.2
(last visited Nov. 7, 2007).





[31]See id.





[32]See
id.