Delores **KARSTEN, et al., Appellants,**

v.

Myrtle Brown **MUHL, et al., Appellees.**

**No. A2756.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 22, 1981.

Wendy Thomas Kendall, Vickery & Webb, Houston, for appellants.

H. F. Thurow, Kay M. Berkey, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellants Delores F. Karsten, Thelma Reid, and James L. Perkins appeal from summary judgment rendered against them in a trespass to try title action which they instituted against appellees Myrtle Brown Muhl and her tenant, Pam Goodburn. We affirm the decision of the trial court.

In the court below, appellants sought a determination that they own one half of the property known as 1003 Heights Boulevard, Houston, Texas, full title to which is claimed by Myrtle Brown Muhl. Appellants rely on the will of John H. Perkins and a quitclaim deed from Patricia Perkins to Thelma Reid as the basis of their claim to title to the Heights property. Relying upon the John Perkins will, a deed of gift from Leila Perkins to Myrtle Brown Muhl and the will of Leila Perkins devising all of her property to Myrtle Brown Muhl, appellees filed motion for summary judgment. Appellants filed a response to the motion for summary judgment with supporting affidavits. After hearing arguments of opposing counsel, the court granted summary judgment, finding that there is an absence of any genuine issue of material fact concerning title to the Heights property. We agree.

It is undisputed that in November, 1968, John Perkins died leaving the following heirs at law: (1) Leila Brown Perkins, his surviving spouse and Myrtle Brown Muhl's grantor; (2) Delores Karsten, Thelma Reid, and James Perkins, his children and appellants herein (none of whom is the natural child of Leila Perkins); and (3) Patricia Perkins, then his minor grandchild, whose interest has been quitclaimed to appellant Thelma Reid. The relevant portion of Mr. Perkins' last will and testament, which was probated on December 6, 1968, as a municipal of title in the Probate Court of Harris County, provides:

\* \* \* \* \* \*

III. ... I am the husband of Leila F. Perkins, and... no children have been born to our marriage; however, I have been married one time before to WILLIE LEE CASH PERKINS, which marriage was dissolved by divorce, and to which marriage there were three (3) children born and now living, namely, a daughter, MRS. THELMA REID, wife of RAYMOND REID; a son, JAMES L. PERKINS; and another daughter, MRS. DELORIS KARSTEN, wife of JOHN KARSTEN; ... Further I make no provisions in this Will for my said children hereinabove named, except in the event of sale of my said one-half (½) interest in said community property, in whole or in part, by my beloved wife, LEILA F. PERKINS, as hereinafter provided for. IV. It is my Will and I do hereby give, bequeath and devise all of my property, of whatsoever kind, nature or character, and both real, personal and mixed and wheresoever the same may be situated to my beloved wife, LEILA F. PERKINS, to be her property for all purposes, SAVE AND EXCEPT that in the event my wife shall sell any of our properties, that then one-half (½) of the net proceeds realized from the sale of said community properties, either all or part, shall be divided equally between my said three (3) children hereinabove named...; and my one-half (½) interest in any such sales of our said community properties, all or part, shall be so paid to my three children and granddaughter as now so willed and devised.

\* \* \* \* \* \*

It is further my Will that in the event of the sale of any of our community properties, all or part, that my three (3) children and granddaughter hereinabove named must join as grantors in any and all conveyances and transfers of said community properties.

\* \* \* \* \* \*

In April of 1973 Leila Perkins executed a deed of gift to her sister, Myrtle Brown Muhl, conveying the Heights property to her sister and reserving to herself a life estate. Leila Perkins died in April, 1976, leaving a will devising all of her property, real, personal and mixed, to Myrtle Brown Muhl. Subsequently, in August, 1980, Patricia Perkins Adams executed a quitclaim deed on the Heights property in favor of Thelma Reid, and the appellants brought trespass to try title action against appellees.

Appellant brings two points of error before this court, contending that the court below erred in finding that no ambiguity exists under a fair construction of John Perkins' will and in depriving appellants of a jury trial on the fact issue of Testator's intent. We have reviewed the record before us in the light most favorable to appellants but find no merit in appellants' contentions.

The duty of the court is to construe the will as a whole, ascertaining the intent of the testator from a full view of the entire instrument. *Gee v. Read*, 606 S.W.2d 677 (Tex.1980). Only when the testator's intent is not clearly expressed will the court look to extrinsic evidence of circumstances surrounding the execution of the instrument. *Id.*, citing *Read v. Gee*, 580 S.W.2d 431, 432 (Tex.Civ.App.—Fort Worth, 1979).

In his typed, formally executed will, John Perkins uses clear words to devise and bequeath his entire estate in fee simple to his spouse, Leila Perkins. He recognizes the objects of his bounty and states in words of definite, accepted meaning that he makes no provision for his children except in the event of Leila Perkins' *sale* of community property. Testator's expressed intent is to effect a division among his children of the net proceeds realized from any sale of the property. In paragraphs III and IV Testator makes a bequest to his children conditioned upon a *sale* of the property by Leila Perkins. In paragraph VI Testator refers again to *sale* of the property, seeking to require that appellees join Leila Perkins as grantors in all conveyances and transfers "in the event of sale." In our opinion Testator's words are clear and unambiguous. Therefore, testator's intent must be derived from the words of the will. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960). We cannot, as appellants urge, distort the clear meaning of Testator's words to rewrite the will and find that he intended a devise of property conditioned upon any disposition of property when, throughout his will, Testator consistently and specifically refers to *sale* of the property as the necessary condition precedent to a contingent bequest of the *proceeds of sale*.

We need not decide whether Testator's attempt to require the inclusion of his children as grantors in the event of sale amounts to an impermissible restraint on alienation. The undisputed summary judgment proof shows that Leila Perkins conveyed the Heights property to her sister by deed of gift and subsequently named her sister as sole beneficiary in her last will and testament. Appellants advance no claim that Leila Perkins held the Heights property in a fiduciary capacity, nor do they claim that Leila Perkins ever entered into a sale of the Heights property. The condition of sale not having obtained, we have no occasion to determine what we would have done in the event Leila Perkins had sold the Heights property. Under the admitted facts of this case, appellants have no basis for claiming title to the Heights property under John Perkins' will.

In our opinion the summary judgment proof is sufficient to sustain the judgment of the trial court. We affirm.