Lawrence LEYVA & City of Clint, Appellants,

v.

Jason SOLTERO, and Leticia Soltero, Ind. and as next Friends of Jason Soltero, II, a Minor, Appellees.

No. 08–97–00193–CV.

Court of Appeals of Texas, El Paso.

March 26, 1998.

---

* Charles L. Reynolds, Chief Justice (Ret.) Seventh Court of Appeals, sitting by assignment.

1. See also *Prince v. State*, 169 Tex.Crim. 559, 336 S.W.2d 140, 141 (1960) (appeal was dismissed when appellant had been released on bail when he was not entitled to bail and had the status of an escapee); *Moreno v. State*, 544 S.W.2d 398, 399 (Tex.Crim.App.1976) (when appellant was mistakenly released and his whereabouts were unknown to defense counsel and the court, his appeal was dismissed because he had the status of an escapee); *Thompson v. State*, 641 S.W.2d 920, 922 (Tex.Crim.App.1982) (appellant had status of escapee when he had been erroneously released on bail and his whereabouts were unknown to the court and defense counsel).

Wayne E. Windle, James Maxfield, Dudley, Dudley, Windle & Stevens, El Paso, for appellants.

Walter L. Boyaki, El Paso, for appellees.

Before LARSEN, McCLURE and CHEW, JJ.

## *OPINION*

LARSEN, Justice.

The City of Clint, Texas, and Lawrence Leyva a police officer with the City, appeal the denial of their motion for summary judgment on immunity grounds. We affirm, and remand to the trial court for further proceedings.

## *JURISDICTION*

This court may hear appeals from interlocutory orders only where specifically authorized by statute.[1] The legislature has specifically authorized interlocutory appeals where a trial court "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state...."[2] This

authorization has been interpreted to include a governmental unit's appeal of a denial of summary judgment based on sovereign immunity which relies upon its employees' claim of official immunity.[3] Here, both Officer Leyva and his employer, the City of Clint, moved for summary judgment claiming official "qualified" immunity and sovereign immunity. We thus have jurisdiction to hear the appeal of both defendants.

## *FACTS*

On September 27, 1995, the chief of police of the City of Clint ordered one of his officers, Lawrence Leyva, to join the high-speed pursuit of a vehicle which was already being pursued by federal, county, and City of El Paso law enforcement. Leyva's chief learned of the chase by monitoring the police radio, and no request for assistance came from the law enforcement agencies already involved. Leyva was never within his jurisdiction during the pursuit. Leyva first saw the suspect, driving a black Suburban, when he reached Interstate 10; he also saw three El Paso Sheriff's Department vehicles, whose speed he estimated at 100–110 m.p.h. Leyva was never closer than eight car lengths to the suspect, and fell farther and farther behind in traffic. He stated he remained in the chase "because I was ordered by my chief to assist."

Leyva exited the freeway at Horizon Boulevard, still following the chase. He arrived at the intersection of George Dieter and Zaragosa Road, just after the departure of two sheriff's department cars which had been controlling the intersection. As Leyva approached the intersection, he saw one car, followed by another, cross the intersection. He nevertheless entered the intersection, and hit the second car, which belonged to the Solteros. Leyva testified he had his lights and siren on at the time of the collision, but that is disputed by the Solteros' testimony. At the time of the accident, it was dark. An officer with the El Paso police department

---

**1.** *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig.proceeding).

**2.** Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.1998).

**3.** *City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995).

gave Leyva a ticket for running the red light. In response to questioning from plaintiffs' attorney, Leyva testified:

Q: As a police officer then, you would agree with me, would you not, that if you went through the red light, this accident is your fault, correct?

A: If the light had been red, yes, sir.

Q: If you would have been in your jurisdiction or somebody would have asked you for help, you would have still had the right to go through that red light, but neither of those two existed, correct?

A: Yes, sir.

Plaintiff Soltero testified that he had the green light, and that he had sat through an entire cycle of lights waiting to cross the intersection. Soltero testified regarding what happened during the time he sat through the lights:

Q: Did you hear any sirens at any time before this accident occurred?

A: No—oh I take that back. Not at the time around the accident, but prior to that, we were at the stoplight on Gateway East and Zaragosa, and I noticed a helicopter, and I noticed several police vehicles or sirens. And I actually was able to witness briefly all of those vehicles traveling on Gateway West and then proceeding through that intersection of Zaragosa and Gateway West and then beyond probably—I don't know the distance, but quite— quite a ways from the intersection continuing west.

Q: Were the sirens still audible by you when you made your turn?

A: No, they had long since gone.

Q: Did you hear any siren from any vehicle from the time you made a left turn from Gateway East onto Zaragosa Road up until the time of the accident?

A: No.

Q: Did you see any flashing lights?

A: Not that I recall.

## SPECIAL EXCEPTIONS

In their first point of error, Leyva and the City challenge the trial court's denial of their special exceptions to plaintiff's summary judgment exhibits, the accident report completed by an El Paso police officer, and a narrative statement by the investigating officer contained in the report. They claim these exhibits were not proper summary judgment proof because they were not properly authenticated and hearsay. We find no abuse of discretion.

The trial court has broad discretion in ruling on special exceptions.[4] We reverse the trial court's ruling only upon a showing of abuse of discretion, where the trial court has acted without reference to any guiding rules and principles.[5]

To be proper summary judgment evidence, the accident report and officer's statement must be authenticated.[6] Here, the documents in question were sworn to be "true and correct" copies of the originals by plaintiffs' attorney.[7] Copies of original documents are acceptable summary judgment proof if accompanied by a sworn affidavit that they are "true and correct."[8] We find the accident report and investigating officer's statement were properly authenticated.

As to the hearsay objection, it is true that the accident report and statement contained within it were hearsay, and therefore needed to meet an exception to the hearsay rule. We find that the exhibits fell within the exception contained in Texas Rules of Evidence 803(8)(B), as well as case law interpreting the rule. We conclude the trial court

4. *See Burgess v. El Paso Cancer Treatment Ctr.*, 881 S.W.2d 552, 554 (Tex.App.—El Paso 1994, writ denied).

5. *Id.*

6. Tex.R. Civ. Evid. 901(a).

7. *See* Tex.R. Civ. Evid. 902(4), 1005.

8. *Cornerstones Mun.Util. Dist. v. Monsanto Co.*, 889 S.W.2d 570, 578 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

did not abuse its discretion in admitting them.[9] Point of Error One is overruled.

## OFFICIAL IMMUNITY

In Points of Error Two and Three, Leyva and the City urge that they established their respective immunity defenses as a matter of law. As the City's sovereign immunity claim is dependent upon Leyva's official immunity, we address both points together.

■■■ Official immunity is an affirmative defense.[10] Thus, the burden is on the defendant to establish all elements.[11] Government employees are entitled to official immunity from the performance of their: (1) discretionary duties; (2) taken in good faith; (3) within the scope of their authority.[12] The good faith element of this defense has been defined to require proof that:

> A reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit.[13]

The Supreme Court, in discussing the genesis of this test, noted that it stems from the federal definition of cases brought under 42 U.S.C. § 1983:

> [T]he test is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. [W]e look to whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred.[14]

Under the facts as set forth in the summary judgment evidence, we find that Leyva and the City have failed to conclusively establish the good faith element. Specifically, there is a fact question as to whether Leyva had the red light when he crossed the intersection, and whether his emergency lights and siren were operable when he crossed. Moreover, he was outside his jurisdiction, and was never asked to assist in apprehending the suspect he was chasing. He was never closer than eight car lengths from the suspect, and a number of other law enforcement vehicles were closer than he. The citizens stopped at the intersection had seen a high-speed pursuit, involving several law enforcement vehicles and a helicopter, pass by at least one traffic-control cycle before the Solteros entered the intersection. Whether a reasonably prudent officer might believe his immediate apprehension of a suspect outweighed the risk to the public under these circumstances was not established as a matter of law, but rather is an issue which we conclude must be resolved by a jury.

## DISCRETIONARY ACT, SCOPE OF OFFICIAL DUTIES, AND SOVEREIGN IMMUNITY

Because we have concluded that the trial court could properly deny judgment on good faith grounds, we need not reach the question of whether Leyva and the City established the other elements of official immunity. Moreover, as the City of Clint's sovereign immunity claim depends upon the success of Officer Leyva's official immunity claim, where the latter fails the former must fail also.[15] Points of Error Two and Three are overruled.

## CONCLUSION

Having determined that the trial court correctly denied summary judgment on immuni-

9. TEX.R. CIV. EVID. 803(8)(B) and (C); *Carter v. Steere Tank Lines, Inc.*, 835 S.W.2d 176, 181 (Tex.App.—Amarillo 1992, writ denied); *Clement v. Texas Dept. of Public Safety*, 726 S.W.2d 579, 581 (Tex.App.—Fort Worth 1986, no writ).

10. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).

11. *Id.*

12. *Id.*

13. *Id.* at 656.

14. *Id.*(quoting *Swint v. City of Wadley*, 5 F.3d 1435, 1441–42 (11th Cir.1993)).

15. *See Harris County v. Ochoa*, 881 S.W.2d 884, 890 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *City of Houston v. Newsom*, 858 S.W.2d 14, 19 (Tex.App.—Houston [14th Dist.] 1993, no writ).

ty grounds, the case is remanded for further proceedings consistent with this opinion.