In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-344 CV


____________________



D.R. BEELER AND BEVERLY ANN BEELER, Appellants



V.



WILLIAM CRUSE FUQUA, Appellee






On Appeal from the 88th District Court


Hardin County, Texas


Trial Court Cause No. 41,569






MEMORANDUM OPINION


 In this trespass-to-try-title action, William Cruse Fuqua sued D.R. Beeler and
Beverly Ann Beeler over property in Hardin County. The trial court determined Fuqua
had record title to the property. A jury found the Beelers did not own the land through
adverse possession. The Beelers appeal. 



Indispensable Parties


 The Beelers argue indispensable parties were not joined in the lawsuit. They say
Fuqua admitted there were fourteen other persons or entities with an undivided interest in
the land. 

 Rule 785 of the Texas Rules of Civil Procedure provides that the plaintiff in a
trespass-to-try-title action "may join as a defendant with the person in possession, any
other person who, as landlord, remainderman, reversioner or otherwise, may claim title
to the premises, or any part thereof, adversely to the plaintiff." The trespass-to-try-title
rules do not require the joinder of every person claiming ownership in the property. See
Tex. R. Civ. P. 783-809. "If the plaintiff should have to ascertain and join every possible
claimant to the land in addition to the particular defendant whose claim is troubling him,
the process of justice would be greatly retarded." See Haines v. McLean, 154 Tex. 272,
276 S.W.2d 777, 785 (1955); see also Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d
699, 703 (Tex. 1951). Although appellants say the judgment did not divest them of only
Fuqua's 1/6 undivided interest in the land, that, in effect, is what the following language
in the judgment ordered: 


 It is offered [sic], adjudged and decreed that the plaintiff, William Cruse
Fuqua, M.D. recover and from the defendants, D. R. Beeler and Beverly
Ann Beeler, full title and possession of the land described as follows:


 An undivided 1/6 ownership in and to Lots 3 thru 24 inclusive, except the
2.16 acres off of the north half of Block 8, W.W. Cruse Subdivision,
Thomas A. Hughes Survey, Abstract 265, Hardin County, Texas. 


The trial court did not adjudicate the 5/6 interest not owned by Fuqua. 

 Appellants did not ask for the joinder of any other parties. We hold there was no
error in entering a final judgment for the 1/6 interest in the absence of other co-tenants. 

Partial Summary Judgment


 Appellants argue the trial judge should not have granted the partial summary
judgment because the summary judgment evidence was not proper and did not establish
superior title. Appellants say the title question should have been decided by a jury, not by
summary judgment.

 In a traditional summary judgment motion, the movant must show that no genuine
issue of material fact exists and that he is entitled to judgment as a matter of law. 
Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Tex. R. Civ.
P. 166a(c). In reviewing a summary judgment, an appellate court takes as true all
evidence favorable to the nonmovant and indulges every reasonable inference and resolves
any doubts in the nonmovant's favor. Grant, 73 S.W.3d at 215.

 Fuqua pleaded a trespass-to-try-title cause of action. In that cause of action,
generally a plaintiff must prove (1) a regular chain of conveyances from the sovereign, (2)
establish superior title out of a common source, (3) prove title by limitations, or (4) prove
title by prior possession coupled with proof that possession was not abandoned. Martin
v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004). The plaintiff must recover, if at all, on
the strength of his own title and not on the weakness of the defendant's. See Rogers v.
Ricane Enters., Inc., 884 S.W.2d 763, 768 (Tex. 1994). 

 Fuqua's motion for summary judgment is based on proving record ownership of the
property through a chain of conveyances from the sovereign coupled with orders from the
probate court. He submits an attorney's affidavit and the accompanying abstract of title
as proof. If the summary judgment evidence establishes record title as a matter of law and
there is no genuine issue of material fact, summary judgment, rather than a jury trial, is
proper on that issue. 

 The documents in the abstract show a chain of title from the 1863 governor's patent 
to David Johnson. Ultimately, the chain of title -- demonstrated by deeds, an affidavit of
heirship, will probates and inventories -- establishes William Cruse Fuqua's 1/6 interest
in the property. The chain of title can be proved by deeds, wills, and affidavits of
heirship. See, e.g., Bacon v. Jordan, 763 S.W.2d 395, 397 (Tex. 1988) (deed, affidavit
of heirship); Karsten v. Muhl, 624 S.W.2d 682 (Tex. App.--Houston [14th Dist.] 1981, no
writ) (will, deed). Here Fuqua showed conveyances through the years culminating in
ownership in Fuqua and others, and proved the links in the chain of descent through deeds
and probate judgments. The abstract of title establishes record title from the sovereign into
Fuqua. 

 Appellants say Fuqua did not comply with the "best evidence" rule because he 
failed to produce the original documents in the abstract of title and did not properly prove
up the instruments. See Tex. Prop. Code Ann. § 13.003 (Vernon 2004). With one
exception noted below, the instruments numbered 1-15 in the abstract are either certified
or authenticated and are part of the public records of Hardin County or Jefferson County. 
Rule 1005 of the Texas Rules of Evidence, in effect, exempts public records from the best
evidence doctrine codified in Rules 1002, 1003, and 1004. See International Fidelity Ins.
Co. v. State, 65 S.W.3d 724, 727 (Tex. App.--El Paso 2001, no pet.) (stating that
"[p]ursuant to Rule 1005, a copy of a public record will be admissible in place of the
original where the copy is certified in accordance with Rule 902" and holding that a
certified copy of bail bond complied with best evidence rule); ESIS, Inc., Servicing
Contractor v. Johnson, 908 S.W.2d 554, 561 (Tex. App.-- Fort Worth 1995, writ denied)
("A copy of a public record is considered authentic if a sponsoring witness vouches for its
authenticity or if the document meets the certification requirements for self-authentication
contained in Rule 902.") (citing Tex. R. Evid. 1005); see Tex. Prop. Code Ann. §
13.002 (Vernon 2004) (An instrument that is properly recorded in the proper county is
notice to all persons of the existence of the instrument.). Rule 166a(c) provides that
motions for summary judgments may be based on the pleadings and authenticated or
certified public records on file at the time of the hearing or filed thereafter.

 Appellants also fault the abstract because some of the documents are filed in Hardin
County where the property is located, while others (numbers 9 - 13) are filed in Jefferson
County. The Jefferson County documents are related to probate proceedings of Jefferson
County residents whose estates included the property in question; the probate documents
are properly filed in the county of residence. See Tex. Prob. Code Ann. § 6 (Vernon
2003).

 Appellants say the attorney's affidavit is deficient. Although the affidavit
authenticates documents 1-15 by stating they are true and correct copies and are on file in
the Deed Records of Hardin County, some of the documents are filed in the Jefferson
County clerk's office, and one is not certified. Appellants objected in their response to the
summary judgment motion by saying the abstract of title evidence is "tainted," but the
objection is not sufficiently specific to put the trial court on notice of the formal defect in
the affidavit. See Tex. R. App. P. 33.1(a). Appellants also fault the attorney's affidavit
because it covers only instruments 1-15 of the abstract of title, and not the rest of the
instruments, numbers 16-24. Documents 16-24 are not necessary to establish the chain of
conveyances; the chain of title is complete with exhibit 15. Further, no specific objection
was made to the lack of any authentication of documents 16 - 24. 

 Appellants argue the expert testimony of the attorney compiling the abstract is
insufficient to support the summary judgment. First, appellants say appellee's attorney
violated Rule 5.04(c) of the Texas Disciplinary Rules of Professional Conduct, because his
son was the attorney who signed the affidavit in support of the summary judgment. Rule
5.04(c) provides a "lawyer shall not permit a person who recommends, employs, or pays
the lawyer to render legal services for another to direct or regulate the lawyer's
professional judgment in rendering such legal services." Tex. Disciplinary R. Prof'l
Conduct 5.04(c), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon
1998) (Tex. State Bar R. art. X, § 5.04(c)). We fail to see the application of Rule
5.04(c) here. There is no evidence of a violation of the rule, even if it may be used to
attack an affidavit. The fact that the son of appellee's attorney executed an affidavit 
regarding the abstract of title does not indicate improper interference with the exercise of
appellee's attorney's professional judgment on behalf of his client. And there is no
evidence of any pecuniary impropriety or lack of independence demonstrated by the
relationship.

 Appellants argue the attorney was not qualified to render an expert opinion on the
chain of title and his opinion in the affidavit was conclusory. The affidavit recites the
affiant is a licensed Texas attorney since 1981 and has experience in the study of titles. 
The affiant attorney states he examined the documents in the abstract and concludes title
is vested in Fuqua. 

 The affidavit appears to be conclusory, because without any explanation of the
records, the affidavit simply concludes record title is in Fuqua. See Coastal Transp. Co.
v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232 (Tex. 2004) (Conclusory or
speculative opinion testimony is not relevant evidence; it is incompetent and cannot support
a judgment.). However, the affidavit is based on attached exhibits -- fifteen documents
from the offices of the clerks of Hardin County and Jefferson County. The documents
serve to establish the chain of conveyances, show record title in Fuqua, and support the
attorney's conclusion in the affidavit. See Leyva v. Soltero, 966 S.W.2d 765, 768 (Tex.
App.--El Paso 1998, no pet.). The documents provide a sufficient basis for the affiant's
opinion. The trial judge had before him both the affidavit and the abstract on which the
affidavit is based; it cannot be said the trial court was guided solely by a conclusory
opinion in the affidavit. 

 Appellants also argue there are record discrepancies concerning the ownership of
lot 8. But the controversy over lot 8 was resolved by an order clarifying that part of lot
8 was excluded from Fuqua's ownership. 

 We find record title was established as a matter of law, there was no material fact
issue, and the trial court properly granted the partial summary judgment motion. 

Trial Proceedings


 Once the record title issue was resolved in the partial summary judgment, the case
went to trial on the Beelers' adverse possession claim. The Beelers objected to the trial
court's informing the jury record title was in Fuqua. They say such information is a
comment on the weight of the evidence. 

 The very nature of an adverse possession claim is an "actual and visible
appropriation of real property, commenced and continued under a claim of right that is
inconsistent with and is hostile to the claim of another person." See Tex. Civ. Prac. &
Rem. Code Ann. § 16.021(1) (Vernon 2002). If the Beelers met the requirements of the
applicable adverse possession statute with sufficient probative evidence, their claim of legal
acquisition of the property would win out. Informing the jury at the beginning of trial that
one party holds record title in a suit that pits the record title holder against one claiming
title by adverse possession is not a comment on the weight of the evidence. The
information merely defines the posture of the litigants. The information does not alter or
comment on the burden the party claiming adverse possession must shoulder.

 Appellants also claim the trial court erred in including in the jury charge an
instruction informing the jury of record title in Fuqua. There was no objection to the jury
instruction, and the issue was not preserved. See State Dep't of Highways & Pub. Transp.
v. Payne, 838 S.W.2d 235, 241 (Tex. 1992); Morales v. Morales, 98 S.W.3d 343, 346
(Tex. App.--Corpus Christi 2003, pet. denied); Tex. R. Civ. P. 271-279. We need not
address the instruction further.

 The Beelers argue the case should be reversed based on cumulative error. We find
no preserved error, cumulative or otherwise.

 All of appellants' issues are overruled. The judgment is affirmed.

 PER CURIAM


Submitted on April 15, 2004

Opinion Delivered August 26, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.